# Haughey, Appellant, v. Pittsburg Railways Company (No. 1).

*Negligence—Street railways—" Stop, look and listen"—Evidence—Question for jury.*

In an action against a street railway company to recover damages for death of plaintiff's husband the case is for the jury where the evidence is in effect that the decedent was last seen standing on the curb of a street looking both ways for the approach of an electric car; that he was next seen lying against the curb toward which he was going, thrown there by collision with a car; that the car was running at an unusual speed, and was from 100 to 200 feet from the crossing when the decedent left the pavement, and there was no evidence as to the rate of speed at which the deceased approached the tracks.

Argued Oct. 31, 1904.   Appeal, No. 172, Oct. T., 1904, by plaintiffs, from order of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 151, refusing to take off nonsuit in case of Mary Haughey, Marie J. Haughey and Loretta Haughey v. Pittsburg Railways Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Matthew Lowrie*, with him *Robert F. Graham*, for appellants.

*James C. Gray*, with him *Clarence Burleigh* and *W. A. Challener*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

Between 12 : 30 and 1 o'clock of the morning of March 25, 1902, Patrick Haughey was returning to his home in the city of McKeesport, Allegheny county. He walked east on the north side of Fifth avenue, " the central main thoroughfare " of the city, until he came to Coursin street where he turned south to cross the avenue. The defendant company has two car tracks on this street and as Haughey was crossing the south track he was struck by one of the defendant's electric cars and thrown thirty or forty feet against the curb on the south side of the street, receiving severe injuries from which he died a few hours later. This action was brought to recover damages for Haughey's death, which plaintiff alleges was caused by defendant's negligence.

At the conclusion of the plaintiff's testimony, the defendant's counsel moved for judgment of compulsory nonsuit " for the reason that it is apparent from the testimony that the decedent was guilty of contributory negligence in walking in front of a rapidly moving car." The motion was sustained and a nonsuit was granted, which the court in banc subsequently refused to take off. No opinion was filed as this court has frequently suggested should be done in such cases, and we are left to conjecture what part of the testimony the learned trial judge thought was sufficient to authorize him in pronouncing as matter of law that the deceased was guilty of contributory negligence. After a careful reading and consideration of all the testimony in the case, we are of opinion that the question of Haughey's negligence was for the jury and not for the court to determine.

So far as the evidence discloses, none of the witnesses who testified in the case saw Haughey immediately before he stepped on the car track or when he was struck by the car. Two of the witnesses, McDonald and McGuire, saw him on Fifth avenue that morning before he was injured. McDonald was walking east on the pavement of the street about 12 : 30 o'clock returning from his work and passed Haughey standing on the sidewalk " at the west crossing of Coursin street on the right hand side of Fifth avenue going west." When he had gone about " five doors east of Coursin street," he heard " the crash " caused by Haughey being hit with the car. He then " turned

around and saw a black object rolling in the gutter, rolling towards the gutter, and stopped and went back and seen them pick him out of the sewer drop and lay him on top of the sewer." McGuire was going west on the north side of Fifth avenue just before the accident, and when he was within ten or fifteen feet of the Coursin street crossing, saw Haughey start at the curb to pass over the crossing from the north to the south side of Fifth avenue. He testified : " Q. What did you see ? A. I seen the man try to make the crossing. Q. Did you notice whether or not Mr. Haughey looked up and down the track ? A. Yes, sir. Q. What did he do ? A. As far as I seen the gentleman he looked his way right through. Q. What do you mean by that? A. Up and down. . . . Q. At the time Mr. Haughey started to make this crossing how far off was that car away from the crossing ? A. To the best of my knowledge, over 100 feet."

This is the only testimony as to Haughey's actions from the time he left the pavement on the north side of Fifth avenue to pass over the crossing to the south side. It is, therefore, established, if the testimony is credible, that Haughey, before starting to cross the street, performed his duty by looking in both directions for an approaching car. Did he continue to observe this precaution after he started over the crossing ? It was his duty, not only to look out for an approaching car before he attempted to cross the street, but also to continue this vigilance after leaving the sidewalk until he passed over the electric car tracks. In the absence of evidence to the contrary, it will be presumed he did his duty in this respect. No one saw him, and hence there is no direct testimony as to what he did after he left the curb on the north side of the avenue. It is contended, however, by the appellee that Haughey " walked directly in front of a moving car and was struck immediately upon entering upon the tracks ; " and for this reason the trial court, as matter of law, held him guilty of negligence preventing a recovery in the case. It is unquestionably true that such conduct constitutes negligence and if it were an undisputed fact in this case would relieve the defendant company from legal liability for Haughey's death. But whether he was guilty of the alleged careless and negligent act was a question for the jury and not for the court. The negligence of the injured party

must be the clear and unavoidable inference from the undisputed facts before the court can pronounce it as a matter of law: McGovern v. Union Traction Company, 192 Pa. 344. It cannot be treated as one of law unless the facts and the inferences to be drawn from them are free from doubt. If there is doubt as to either, the case is for the jury: Kuntz v. New York, etc., Railroad Company, 206 Pa. 162. Here the facts were not admitted nor undisputed but had to be determined from testimony that was not definite nor entirely consistent. Neither the speed at which the car was seen approaching the crossing nor the distance at which it was from the crossing at the time Haughey started to cross the street was definitely fixed by the testimony. The evidence tended to show that the car was " running at an unusual speed," and was " over 100 feet " and might have been " 200 feet according to the speed " from the crossing when Haughey left the pavement on the north side of the avenue. Whether thereafter the car lessened or increased its speed as it neared the crossing, the testimony does not disclose. Nor did any witness see at what speed Haughey walked toward the fatal track or where the car was when he was about to step upon it. These facts, material to the issue, are not undisputed, but must necessarily be ascertained from inferences to be drawn from the testimony in the case. It was in evidence that Haughey was standing on the sidewalk at the Coursin street crossing talking with some one and that after looking " up and down " the track, he started to pass over the crossing. He was next seen lying against the curb of the street towards which he was going, thrown there by the collision with the car. How far these facts, if so found, and the inferences to be drawn from them might show the exercise of care by the deceased and that he reasonably believed he could safely cross the car track before attempting to do so were also clearly for the jury.

The learned court below was in error in holding as matter of law that the deceased was guilty of contributory negligence, and, therefore, the judgment is reversed with a procedendo.