## Allen, Appellant, *v.* Kingston Coal Company.

*Negligence—Mines—Master and servant—Evidence—Presumption.*

In an action against a coal mining company to recover damages for the death of plaintiff's husband, where the substance of the testimony is that the deceased was found just at the mine door with injuries on his body that seemed to indicate that he had been crushed, the plaintiff cannot prevail on a theory which while consistent with defendant's negligence does not exclude the contributory negligence of the deceased.

The doctrine res ipsa loquitur, dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other.

Where a coal miner is found dead at the mouth of the mine, and there is no evidence as to the cause of his death, the presumption that the deceased was

innocent of negligence, is equally balanced by the same presumption as to his employer.

*Mines and mining—Ventilation—Negligence—Acts of June 2, 1891, P. L. 176 and April 20, 1899, P. L. 65.*

The provisions of the Act of June 2, 1891, P. L. 176, as amended by the Act of April 20, 1899, P. L. 65 relating to an attendant at mine doors, have reference solely to ventilation, and not to the safety of persons using the gang-ways.

Argued April 12, 1905.   Appeal No. 57, Jan. T., 1905, by plaintiff, from order of C. P. Luzerne Co., May T., 1902, No. 283, refusing to take off compulsory nonsuit in case of Prudence Allen v. The Kingston Coal Company.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before LYNCH, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*W. Alfred Valentine*, with him *Edward A. Lynch*, for ap, pellant.

*Anthony L. Williams* and *Henry W. Palmer*, for appellee.

PER CURIAM, May 8, 1905:

There was no evidence that plaintiff's husband came to his death through the negligence of the defendant.    The substance of the testimony is that he was found dead just at the mine door with injuries on his body that seemed to indicate that he had been crushed.    The apparent elements of danger were the sides of the gangway, the loaded coal cars, and the mine door which was kept closed by a strong pressure of air forced in for ventilation.    Which of these elements, if any, or what combination of them, caused his death was wholly conjectural, and none of them implied any negligence on the part of the defendant.    Appellant's theory, as stated by her counsel, was that " the accident that caused her husband's death, and which was the only theory advanced at the trial, was that because of the negligence of the defendant company, he had been caught be-

tween the side of the passageway at the main door, and the side of a moving car, and squeezed to death." But conceding this as the most probable manner of his death it does not tend to show negligence of the defendant. The deceased may have slipped and fallen off his car, or jumped off, or have got off safely and yet been caught by the door before he had a secure hold of it to keep it open. His own failure in this respect is quite as probable as any other hypothesis. The doctrine res ipsa loquitur, dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other: Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Alexander v. Penna. Water Co., 201 Pa. 252.

Appellant argues that the plaintiff is entitled to the presumption that deceased was innocent of negligence. True, but so is the defendant, and the presumptions are equally balanced. Negligence contributory or other, is not to be presumed but must be shown by evidence. In the instances where it is said that this presumption in plaintiff's favor must take the case to the jury there was at least some evidence of defendant's negligence, as e. g., the excessive speed of the car in Haughey v. Pittsburg Railways Co., (No. 1) 210 Pa. 363, cited by appellant. And even in Stringert v. Township of Ross, 179 Pa. 614, where the minority of the judges thought the existence of a deep rut in the highway was sufficient evidence of defendant's negligence to take the case to the jury, the court held that the cause and manner of the accident were merely conjectural and sustained a nonsuit.

Appellant's case can get no assistance from the mining Act of June 2, 1891, P. L. 176. The requirement of section 10 of that act, amended by the Act of April 20, 1899, P. L. 65, that all main doors shall have an attendant " whose constant duty it shall be to open them for transportation and travel, and prevent them from standing open longer than is necessary for persons or cars to pass through," has reference solely to ventilation, not to the safety of persons using the gangways. The object was to keep the doors closed. In this case the evidence is that the door was kept closed by the air pressure, and required considerable effort to open or to keep it open.

Judgment affirmed.