IVINS v. JACOB et al.

(District Court, E. D. Pennsylvania. October 31, 1917.)

No. 4554.

1. NEGLIGENCE ⊕121(2)—PRESUMPTIONS—"RES IPSA LOQUITUR."

The phrase "res ipsa loquitur" is used to express the rule of law that the mere fact of damage justifies the conclusion of legal injury through an allowed presumption of negligence on the part of defendants, and also to express the thought that, the fact of damage having been inflicted as it was inflicted, the attending circumstances justify the inference of fact that it was the result of negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Ipsa Loquitur.]

2. MUNICIPAL CORPORATIONS ⊕706(8)—USE OF STREET AS HIGHWAY—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an action for injuries sustained by a person struck by an automobile while on a sidewalk, where plaintiff did not confine her evidence to the fact that she was so struck while on the sidewalk, but called the driver of the automobile, who testified that the movement of the car was beyond his control because the steering gear would not work, but who further gave testimony showing his knowledge of the condition of the car, it was not error to charge that the jury might view the case as one justifying the inference of negligence, in the absence of exculpating facts, but that the exculpation would exonerate defendants from liability, unless negligence was disclosed in presenting such exculpating facts.

3. TRIAL ⊕252(8)—USE OF STREET AS HIGHWAY—ACTION FOR INJURIES—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action for injuries to a person struck by an automobile, where the evidence showed that the driver of the car had discovered that it was

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not in normal operating condition, a requested instruction that a purchaser of a car had a right, under specified limitations, to accept the assurance of a dealer that the car was in operating condition, was properly refused, as the issue was whether the driver exercised proper care in operating the car in the condition in which he knew or had reasonable grounds to believe it was, and the requested instruction would have had a diverting effect upon the minds of the jurors.

4. MUNICIPAL CORPORATIONS ⬅️706(3)—STREETS—USE AS HIGHWAY—PRESUMPTIONS.

Where the circumstances of an injury to a person struck by an automobile while on a sidewalk justified the inference of negligence of some one, it justified the inference of negligence of defendant, who was driving the car, in the absence of proof that the car was beyond his control, as proof of such fact was within his power to produce.

5. MUNICIPAL CORPORATIONS ⬅️706(3)—STREETS—USE AS HIGHWAY—PRESUMPTIONS.

The inference of negligence, arising from an automobile striking a person while on a sidewalk, was only prima facie, and might be rebutted.

At Law. Action by Mary J. Ivins against Joseph P. Jacob and another, trading as Jacob Bros. On motion of defendants for a new trial. Rule discharged, and leave to enter judgment granted.

Daniel R. Rothermel, of Philadelphia, Pa., for plaintiff.
William W. Smithers, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The questions remaining in this case relate to the correctness of the instructions given to the jury and to the result of the jury's admeasurement of the damages. Excluding the latter, there are eight reasons assigned to support the motion. The first three and the eighth may be characterized as formal.

[1, 2] The fourth bears upon the application of the "res ipsa loquitur" rule to the general facts of this case. The quoted phrase has two meanings. It is used to voice the rule of law that the mere fact of damage justifies the conclusion of legal injury through and by an allowed presumption of negligence on the part of the defendants. The same phrase is used, however, to express the thought that, the fact of damage having been inflicted as it was inflicted, the attending circumstances justify the inference of fact that it was the result of negligence. The phrase was employed in this case in this latter sense. As automobiles ordinarily travel on the part of the street within the curbs assigned to vehicular traffic, the mere fact that one was being run upon the sidewalk, to the hurt of a pedestrian lawfully there, would justify the fact inference, in the first instance, that the injury had been negligently inflicted.

If, therefore, the plaintiff in this case had confined her testimony and other evidence to the fact that she had been struck while upon the sidewalk by the defendants' automobile, this would have been evidence from which the jury could have found negligence, and the defendants would have been called upon to supply the exculpating facts, which would rebut or deny the inference otherwise to be drawn. The plaintiff, however, did not content herself with such proofs, but made

part of her case in chief the testimony of the driver of the automobile to the effect that the presence of the car on the sidewalk was due to the fact that the movement of the car was beyond his control, because the steering gear would not work. The testimony of this witness, however, disclosed the fact of his knowledge of the condition of the car, and thus fairly raised the question of his exercise of due care in his operation of the car, which he knew was or might become beyond his control, to the hurt of some traveler upon the highway.

The jury were in consequence instructed that they might view the case as one justifying the inference of negligence, in the absence of the exculpating facts, but that the exculpation would exonerate the defendants from legal responsibility for the damages, unless negligence of the defendants, which brought about the damage, was disclosed in presenting the exculpating facts. The real issue, as presented to the jury, was in consequence the question of whether the defendants had been guilty of negligence in the operation of the defendants' car, as its operation was disclosed by the driver. We are unconvinced of any error in making this feature of the case to turn upon the issue as above defined.

[3] The remaining reasons for a new trial may be treated as voicing two complaints. One is the failure, and in effect the refusal, of the trial judge to affirm the defendants' first point. This point requested instruction to the jury that the purchaser of a car had the right, under the limitations defined in the point, to accept the assurance of the dealer that a car which had been sold to him as in operative condition was in such condition. This point was in truth not negatived, but ignored, and it was ignored because its injection into the case would have had a wholly diverting effect upon the minds of the jurors. Inasmuch as the driver of the car had discovered for himself that the car was not in normal operative condition, the issue was changed from that of the condition in which he received the car to one of the exercise of due and proper care on his part in operating it in the condition in which he knew or had reasonable grounds to believe it was. If the jurors had been instructed that the defendants were justified in their reliance upon the assurances of the dealer who sold them the car that it was in operative condition, they must also have been instructed that such assurance became unimportant, after knowledge had come home to the defendants of what the actual condition of the car was. We are, for this reason, unconvinced of any error in the failure to specifically affirm defendants' first point.

The other complaint is based upon the sound proposition that negligence which visits responsibility for damages upon the defendants must be not merely negligence which exists, but also negligence which has contributed to the injury. The complaint is that the charge gave free rein to the jury to find negligence, and upon this finding to reach a verdict against the defendants, without instructing them that negligence would not found a verdict unless that negligence was the proximate cause of the damage done. The thought in the mind of the trial judge was to express the proposition of law in accordance with defendants' view, and a careful reading of the transcript of the charge satisfies us that the jury were so instructed.

The physical injuries sustained by the plaintiff were of a character the money loss from which is difficult to estimate. She sustained serious and painful injuries. The trial court would have accepted a finding of a less sum than that awarded by the jury as reasonably adequate damages. It is perhaps true that, if the verdict had been for a larger sum than that given, it would have impressed the court as excessive. A very careful consideration of all the elements which enter into the question have left us in the state of mind in which we are unable to find the verdict to be excessive in amount. It is full. Indeed, it may be characterized as approaching the limit of fullness. In a case, however, which presents, as do cases of this class, a more or less wide latitude for the exercise of judgment as to what a proper award would be, we do not think the verdict should be disturbed. The complaint of the excessiveness of the verdict is not included among the reasons assigned, but defendants were granted leave to add it. It has because of this been considered.

The above-stated conclusions are, we think, supported by the decided cases to which we have been referred. We are in entire accord with the general propositions of law which the learned counsel for defendant has advanced with gratifying clarity of statement. The use of the res ipsa loquitur phrase as the technical designation of a legal doctrine was avoided in the charge, because the phrase, as voicing a legal doctrine or the law of the case as the law governing it, was deemed not to be applicable. The thought expressed to the jury was merely the statement of the obvious truth that there are happenings attended by such circumstances as that the story of what happened cannot be told without disclosing the responsibility for what happened. There is no more legal doctrine in the expression of such a thought than there is in the equivalent statement, from all the facts and circumstances surrounding this occurrence, any one would be justified in concluding the negligence of the defendant was the cause of it.

[4] The argument of counsel, which concedes that the circumstances of the occurrence justify the inference of the negligence of some one, but not the negligence of the defendant, is a concession of everything, because one of the circumstances was that the defendant was driving the car. If this automobile had been without warning driven upon the sidewalk, there striking a pedestrian, no one could doubt that it would not only justify, but compel, a finding of negligence. This inference of fact is not stayed by the possibility that it might not have been intentionally driven upon the sidewalk. If such possibility were suggested, the answer would be: Show me that, and I am prepared to believe it; but, unless you do, I must hold you to be in fault. This attitude is sensible and just, and in accord with the accepted principle of the law of evidence that he who has control of the proofs shall produce them. If the car was beyond control, the driver knows it, and can offer evidence of the fact. All the pedestrian could do would be to know the fact that the car was where it should not be driven, and that the circumstances indicated negligence. This constitutes prima facie proof. There is nothing in any of the cited cases to combat this view. Oil Co. v. Torpedo Co.,

190 Pa. 350, 42 Atl. 707; Lucid v. Powder Co., 199 Fed. 377; Allen v. Coal Co., 212 Pa. 54, 61 Atl. 572: Joyce v. Black, 226 Pa. 408, 75 Atl. 602, 27 L. R. A. (N. S.) 863; Wolf v. Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241.

[5] The inference of negligence is, of course, only prima facie, and may be rebutted. We are again in entire accord with counsel for defendants that the exculpating facts, so far as testified to by one of the defendants, were before the jury, and that they could not be disregarded. There is an old saying, however, to the effect that one hole may be filled by the digging of another. The· hole which was filled was accounting for the automobile being run upon the sidewalk by explaining that the steering gear would not work. The hole which was dug subjected the driver to the inference of negligence in attempting to operate a vehicle without the exercise of that degree of care which was called for by its defective condition. The latter became the real and only issue of negligence in the case. To present this feature of the case in its purely legal aspect, the testimony of the defendants is to be viewed as if it had been in chief, excusing defendants of negligence by showing a broken steering gear, and the witness on cross-examination had admitted negligence in the operation of a defective car.

The remaining questions of whether, negligence being conceded, it was the proximate cause, or a contributing cause, of the injury, and whether the defendants were responsible for the consequences of their negligence, or whether the injuries suffered ·by the plaintiff were so remote as not to be within the limits of what might have been anticipated, are questions which do not seem to require further discussion.

The rule for a new trial is discharged, and the plaintiff has leave to enter judgment on the verdict.