THOMAS E. DONOHUE, ADMINISTRATOR, ET AL. *vs.*
CLAUDE Z. JETTE.

Second Judicial District, Norwich, April Term, 1927.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and ELLS, Js.

A defendant is not relieved of liability for the results of his negligence because he was, at the time of the injury, the plaintiff's agent and engaged upon his business.

A passenger in an automobile who serves wine to the driver before the commencement of the ride, is not, for that reason, chargeable with contributory negligence where it does not appear that the operation of the car was materially affected thereby.

Argued April 26th—decided June 6th, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the court, *Simp-*

*son, J.*; judgment for the plaintiffs, and appeal by the defendant. *No error.*

*Arthur T. Keefe,* for the appellant (defendant).

*Morris Lubchansky,* with whom, on the brief, was *Daniel M. Cronin,* for the appellee (plaintiff Thomas E. Donohue, Administrator).

*Walter J. Walsh,* for the appellees (plaintiffs James E. McGann, Jr., *et al.*).

PER CURIAM.  The deceased was killed while riding in an automobile being operated by the defendant, by reason of its leaving the road and colliding with a tree.  When the automobile struck the tree the head of the deceased was brought into contact with it, causing the injury from which he died.  The defendant claims that he was the agent of the deceased, engaged upon his business, at the time of the accident; but, if so, that would not relieve him of liability for the results of his negligence.  18 R. C. L. 502.  Aside from this claim, the defendant does not contend that the finding as made by the trial court does not support the judgment.  He seeks so to correct it as to establish contributory negligence on the part of the deceased.  In the first place he seeks a finding that the deceasd himself caused his head to come in contact with the tree, by protruding it beyond the side of the automobile; but the only basis he advances for this correction is the drawing of certain inferences from the physical conditions in existence after the accident, and certainly those conditions were not such that the trial court might not reasonably decline to make the deductions claimed by the defendant.  In the second place the defendant seeks to correct the finding so as to charge the deceased with contributory negligence by reason

of the fact that he had given the defendant some wine to drink just before they started on the ride. But the trial court has expressly found that the defendant was not under the influence of liquor nor did the wine materially affect the operation of the car; and that finding is reasonably supported by the defendant's own testimony. That being so, there is no basis for his present claim.

There is no error.