Johnson *v.* Hetrick, Administratrix, Appellant.

Argued April 24, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Ward McCullough,* for appellant.—The occupant of
an automobile may be there in any one of a number of
rôles; it is an essential element of plaintiff's case to
show in what status plaintiff's decedent was a passenger
in defendant's decedent's car; plaintiff has that burden,
and the entire record in this case shows that it has failed
in its proof.

When Johnson asked Hetrick to drive him to and
from his work, it cannot be said that he did anything
else than make him, Hetrick, his, Johnson's agent to
carry him between his home and his job, or else he made
him his gratuitous servant for this purpose: Hepps v.
R. R., 284 Pa. 479; Hardie v. Barrett, 257 Pa. 42.

In the common purpose and joint undertaking doc-
trine, it is the reasoning of the courts that the negli-
gence of the driver or operator is not imputed to the pas-
senger so much as is the fact that the passenger is guilty
of his own negligence when he joins in testing a known
danger: Martin v. R. R., 265 Pa. 282; Eline v. Ry., 262
Pa. 33; Hill v. Transit Co., 271 Pa. 232; Dunlap v.

Traction Co., 248 Pa. 130; Hoffman v. R. R., 278 Pa. 246; Campagna v. Lyles, 298 Pa. 353; Nutt v. R. R., 281 Pa. 372; Morningstar v. R. R., 290 Pa. 14.

In an action of negligence, the presumption of innocence in the first instance is equally balanced between plaintiff and defendant: Allen v. Coal Co., 212 Pa. 54; Tull v. R. R., 292 Pa. 458; Cleveland & Pittsburgh R. R. v. Rowan, 66 Pa. 393; Martin v. R. R., 265 Pa. 282.

A passenger who, having opportunity, fails to warn the driver of a known danger, and to protest against incurring it, is guilty of negligence: Eline v. Ry., 262 Pa. 33, 37; Martin v. Ry., 265 Pa. 282; Joseph v. Ry., 294 Pa. 315; Grimes v. R. R., 289 Pa. 320.

*Charles J. Margiotti,* with him *W. M. Gillespie, S. C. Pugliese, Edward Friedman* and *Clarence O. Morris,* for appellee.—Assuming that appellant is entitled to take advantage of the common purpose doctrine, it nevertheless does not apply to our case; in order to prove a common enterprise, defendant must show that the passenger had some voice in the control of the vehicle so as to make it subject to common command: Joseph v. R. R., 294 Pa. 315.

There can be no question but that appellant's decedent was guilty of negligence in failing to stop, look and listen before entering upon the railroad crossing and a multiplication of authorities on this point would be mere pedantry. The failure to stop, look and listen at a railroad crossing is negligence per se.

Where a person is killed in an automobile accident, the presumption is that he did his duty; if no witnesses are produced to testify as to what he did, this presumption is sufficient to take the case to the jury on the question of contributory negligence: Schmidt v. R. R., 244 Pa. 205; Anderson v. Wood, 264 Pa. 98; Murphy v. Transit Co., 285 Pa. 399; Grimes v. R. R., 289 Pa. 320; Hazlett v. Director General, 274 Pa. 433.

So long as appellee's case does not disclose any contributory negligence, the burden of establishing it is on the party who alleges it: Martin v. Traction Co., 261 Pa. 96.

Appellant must show that appellee's decedent had an opportunity to protest and that having such an opportunity he failed to do so: Schlossstein v. Bernstein, 293 Pa. 245; Minnich v. Transit Co., 267 Pa. 200; Jerko v. R. R., 275 Pa. 459.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1930:

Plaintiff's husband, James V. Johnson, and defendant's decedent, Ernest Scott Hetrick, were killed at the same time, under circumstances related in this opinion. Plaintiff recovered a verdict on the ground that Johnson's death was due to the negligence of Hetrick. Defendant has appealed.

Johnson, while a passenger in an automobile belonging to and driven by Hetrick, was killed, on the way home from work, in a collision with a railroad train. Johnson and Hetrick were employed in the same mine, the former as a mine foreman and the latter as a blacksmith, and they had for some two months been in the habit of riding to and from work in Hetrick's automobile. So far as the evidence indicates, Johnson made no contribution toward the upkeep of the car, never drove it, and exercised no control over Hetrick in the management of the vehicle. No express invitation, extended to Johnson by Hetrick, to become his guest, was shown, yet the only inference possible from all the relevant proofs in the case is that, when in the car, Johnson occupied that relation toward Hetrick. While, on the one hand, there was direct evidence that Hetrick, without obeying the "stop, look and listen" rule, attempted to cross the railroad in the face of a plainly visible onrushing train, on the other hand, there was no evidence whatever as to what Johnson did or said, or attempted to do or say,

immediately before or at the time of the accident. The court below left the relevant issues to the jury, under instructions which are not here complained of, and the verdict favored plaintiff. The only assignment of error goes to the refusal of judgment n. o. v.

Defendant contends that, since both men in the automobile were killed, she is entitled to the presumption that her decedent performed his full duty, that he was not negligent, and for this reason there can be no recovery against his estate. True, in Allen v. Kingston Coal Co., 212 Pa. 54, 56, we said that where both sides of an action for negligence depend on presumptions, which are equally balanced, plaintiff fails to make out a case for the jury (see also Hanna v. P. & R. Ry. Co., 213 Pa. 157, 162-3); but in Allen v. Kingston we also pointed out that, where there is some proof of defendant's lack of care, the presumption of due care on the part of a decedent, alleged to have been killed through defendant's negligence, will suffice to take the case to the jury, unless evidence, which offsets the presumption in plaintiff's favor, appears in the presentation of plaintiff's case. Here, as already stated, there was direct proof of lack of care on the part of defendant's decedent, and no evidence of negligence by plaintiff's decedent; so this is not an instance of equally balanced presumptions, and the presumption that Johnson exercised due care for his own safety by doing whatever was proper under the circumstances, by way of warning to Hetrick or otherwise, is sufficient to take plaintiff's case to the jury: Haughey v. Pittsburgh Rys. Co., 210 Pa. 363, 365-6; Hanna v. P. & R. Ry. Co., supra, 160, 162-3; see also Kelly v. Director General, 274 Pa. 470, 474-5; In re Hill's Est. (Ia.), 208 N. W. 334, 337.

Defendant suggests that, because the evidence shows Johnson, plaintiff's decedent, to have been a foreman, and Hetrick, her decedent, a blacksmith, in the same mine, it must be assumed, for purposes of this case, that, at the time of the accident, the former was in a position

to exercise control over the latter, and, therefore, Johnson should be viewed as the master and Hetrick as the servant, and the case decided accordingly; but we are not impressed by this suggestion. First, there is a question whether the alleged relationship would have the force in law which appellant would have us give to it. See Brush, etc., Co. v. Lefevre (Tex.), 55 S. W. 396, 398. Next, there is nothing in this record to show that Hetrick worked under the direction of Johnson; but, be that as it may, at the hour of the accident the working day of these two men was over, they were returning to their respective homes, and whatever position of subordination one of them might have occupied to the other, when in the mine, had ceased for the time being.

Appellant's next contention, and the one most strenuously insisted upon, is that Johnson and Hetrick were engaged, at the time of the accident, in a joint enterprise and that this is enough to prevent recovery. Nothing in the record indicates that this contention was made at the trial; we find no requests for charge raising the issue and it was not expressly submitted to the jury. More than this, if the case should be viewed as one where these men were engaged in such an enterprise, yet that would not bar recovery in a suit like the present, by one participant against another (discussion and authorities, infra); though it might put a higher degree of care on plaintiff's decedent than if he were a mere guest (Dunlap v. P. R. T. Co., 248 Pa. 130, 133; Martin v. P. R. R. Co., 265 Pa. 282, 285; Hoffman v. P. & L. E. R. R. Co., 278 Pa. 246, 248; Nutt v. P. R. R. Co., 281 Pa. 372, 376; Kilpatrick v. P. R. T. Co., 290 Pa. 288, 294; Alperdt v. Paige, 292 Pa. 1, 6; Campagna v. Lyles, 298 Pa. 352, 357), still, whatever the necessary care, the presumption is that it was exercised.

Both in Pennsylvania and elsewhere, there appears confusion of thought in the cases concerning the precise elements which should be considered in determining whether one suing for injuries occupied the position of

an actor in a joint enterprise; the better view, however, is that, to fix this status on a passenger in an automobile which meets with an accident, not only must there exist, between the injured person and the participant alleged as responsible for the accident, a common purpose to be served in the use of the car, but there must also be evidence which would warrant a finding that such injured person had some right to a "voice in the control, management or direction of the vehicle": Hilton v. Blose, 297 Pa. 458, 461; Joseph v. Pitts. & W. V. Ry., 294 Pa. 315, 319; Alperdt v. Paige, supra, 6; see also McLaughlin v. Pitts. Rys. Co., 252 Pa. 32, 34, and note in L. R. A. 1917A, 543. Here, the record contains evidence that Johnson had no such right. Further, in all the cases called to our attention, where the joint-enterprise defense was interposed, except in the Hilton Case, the action was against a third person, i. e., some one other than the driver of the automobile occupied by the participants in the alleged enterprise, and the proposition in substance was that, where one is injured through the concurrent negligence of his own agent (each participant in a joint enterprise being the agent of all others, see O'Brien v. Woldson, infra) and of a third party, there can be no recovery against the latter, because the negligence of the agent will be accounted that of his principal, the plaintiff. In Hilton v. Blose, an injured passenger sued the driver of an automobile in which she was hurt while riding as the latter's guest. Defendant pleaded that he and plaintiff were, at the time of the accident, engaged in a joint enterprise. Plaintiff contended that, under the circumstances, defendant's plea was irrelevant; but this court held that, since no joint enterprise had been shown, it was unnecessary to decide as to the relevancy of such a defense. The same thing might be said in the present case; but we have concluded that, even should the view be taken that plaintiff's and defendant's decedents were engaged in a joint enterprise at the time of the accident, if Johnson's death

was due to the negligence of Hetrick, the latter would be liable in damages.

Counsel have referred us to no Pennsylvania authority ruling the point now under discussion, and our own research has disclosed none, but in Zimmer v. Casey, 296 Pa. 529, 533, 539, 540, this court said: "At common law, employees of the same master are responsible to each other for injuries occasioned by [their respective] negligence. Where two or more persons are engaged in the same general business [and] their mutual safety depends somewhat on the care exercised by them respectively, each owes the other a duty......to exercise such care ......as men of ordinary prudence would use [under the circumstances]; he who fails in that respect is responsible for the resulting physical injury to his fellow servant [, and] there is no doubt the servant who is injured may maintain an action against the injuring servant." So, if the present case should be looked upon as one where two servants of the same master were engaged in a joint enterprise when one negligently injured the other, then the above excerpts from the Zimmer Case sustain the view that the injured person may recover from the other. The controlling principle is simply that, be it a case of master and servant, coservants, principal and agent, or participants of any character in a common or joint enterprise, no person may negligently injure another without being responsible for damages: Donohue v. Jette, 106 Conn. 231, 232, 137 Atl. 724. In Campagna v. Ziskind, 287 Pa. 403, 408, 410, plaintiff, an employee of defendant, was at the time of his injury being driven to work by the latter. In determining the appeal in another suit, growing out of the same accident (Campagna v. Lyles, 298 Pa. 352, 356, 357), we incidentally expressed the opinion that Campagna and his employer were engaged in a joint enterprise, but the decision in the original case was not based on that theory; there, plaintiff was denied the right to recover from his employer on the express ground that he could

not sue at common law because his case fell within the Workman's Compensation Act.

Though we do not find any Pennsylvania decision which holds that the doctrine of joint enterprise has no place in an action for negligence by an injured passenger against an alleged negligent driver of the car used at the time of the accident, yet the point has been decided in other jurisdictions. In O'Brien v. Woldson, 149 Wash. 192, 194, 270 Pac. 304, 305, the court correctly said: "Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. ...... It does not necessarily follow, however, that [this] rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all, if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person." See also Collins v. Anderson, 37 Wyo. 275, 280, 260 Pac. 1089, 1091.

The doctrine of joint enterprise has no place in the present case; all issues involved were submitted to the jury, and we have not been shown any reason for disturbing the judgment entered by the court below.

The judgment is affirmed.