[Civ. No. 7629. First Appellate District, Division Two.—June 2, 1931.]

OLIVE MAUD LEDGERWOOD, Respondent, v. ALBERT M. LEDGERWOOD, Appellant.

James F. Hoey and Charles W. Haswell for Appellant.

Frederick W. Kant, J. E. Rodgers and A. F. Bray for Respondent.

SPENCE, J.—Upon a trial by jury plaintiff had judgment against defendant for personal injuries sustained in an automobile accident. Defendant appeals from the judgment.

Defendant is the adult son of plaintiff. Plaintiff resided at Richmond with her husband, who was employed at Antioch, and defendant resided with his parents while temporarily employed on the Richmond ferry. On June 3, 1929, defendant decided to drive to Sacramento in search of a position and invited plaintiff to accompany him. They left Richmond in the morning, driving as far as Antioch in an open roadster belonging to defendant. The weather was cold and at Antioch they changed to a closed car belonging to plaintiff's husband and continued on their journey. The accident occurred above Ryde while defendant was driving along the highway built upon the river levee. The evidence showed that defendant lost control of the car while driving at a high rate of speed on a narrow, curved highway and while watching the boats along the river.

No question is raised concerning the sufficiency of the evidence to show negligence on the part of appellant, but it is contended that respondent was guilty of contributory negligence as a matter of law. In this connection appellant claims that respondent was chargeable with both actual negligence and imputed negligence. Appellant did not take the stand as a witness, but relies upon the testimony of respondent in support of his contention.

In our opinion the question of whether respondent was chargeable with actual negligence was properly sub-

mitted to the jury. There was some evidence to the effect that respondent previously had reason to believe that appellant was a fast driver, although she had never driven with him outside of Richmond. The evidence showed that on the way to Antioch respondent asked appellant not to drive so fast; that to her, "fast" meant over forty miles per hour; that she thought appellant was going over fifty miles per hour; that there was nothing "out of the way" about appellant's driving on the road to Antioch except the speed at which he was driving; that after changing cars and leaving Antioch appellant continued driving at a high rate of speed; that respondent on several occasions requested appellant not to drive so fast and further protested against appellant's giving his attention to the boats which were passing; that in the opinion of respondent the speed of the car immediately prior to the accident was about fifty miles per hour. When asked if she had requested appellant to stop and let her out she replied that she had not. In this connection she stated that she believed that he would drive more carefully when he came to the more dangerous parts of the road and she further stated that she was a great distance from home and without funds. From the foregoing evidence it may not be said that respondent is chargeable with negligence as a matter of law. The fact that respondent had previous knowledge or reason to believe that appellant was a fast driver would not of itself preclude a recovery and is merely a circumstance which the jury might consider in determining whether respondent was chargeable with negligence. (*Wiley* v. *Young*, 178 Cal. 681 [174 Pac. 316].) As to this question as well as to the question of whether respondent was guilty of negligence in continuing with appellant after arriving at Antioch and in not requesting thereafter that appellant stop and permit her to leave the car, we are of the opinion that under the evidence the determination of the jury is conclusive. (*Shields* v. *King*, 207 Cal. 275 [277 Pac. 1043]; *Hemington* v. *Hemington*, 221 Mich. 206 [190 N. W. 683].)

Appellant seeks to charge respondent with imputed negligence upon the theory of joint enterprise and also upon the theory that respondent was the owner of the car and therefore theoretically had the right of control. We need not stop to consider the sufficiency of the evidence to

show joint enterprise nor whether the respondent might properly be deemed the owner because of her community property interest in her husband's car. We may assume that respondent was the owner of the car and that the parties were engaged in a joint enterprise, but in our opinion the negligence of appellant may not be imputed to respondent and her right of recovery is not defeated in the absence of actual negligence on her part. (*Johnson* v. *Hetrick,* 300 Pa. 225 [150 Atl. 477]; *O'Brien* v. *Woldson,* 149 Wash. 192 [62 A. L. R. 436, 270 Pac. 304]; *Donohue* v. *Jette,* 106 Conn. 231 [137 Atl. 724]; *Wilmes* v. *Fournier,* 111 Misc. Rep. 9 [180 N. Y. Supp. 860], affirmed in 194 App. Div. 950 [185 N. Y. Supp. 958]; 18 R. C. L. 502; 1 Berry on Automobiles, 6th ed., p. 515.) ■ The authorities cited by appellant all involved the imputation of the negligence of one person to another in cases where the rights or liabilities of third parties were involved and are not in point. In such cases it has been the policy of the law since time immemorial to impute such negligence wherever the relationship is such that the maxim *qui facit per alium facit per se* is applicable. Such negligence is imputed upon the fiction that the act of the one is the act of the other and the latter is chargeable with imputed negligence regardless of the amount of care actually exercised by him. Where neither the rights nor liabilities of third persons are involved and the action is between the parties themselves, the reason for the rule ceases and the rights and liabilities of the parties should be based upon fact and not upon fiction. The authorities cited above clearly make the distinction between the two classes of cases. As was said in *O'Brien* v. *Woldson, supra,* at page 192, ''Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. (Citing cases.) It does not necessarily follow, however, that that rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to

permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person." In *Johnson* v. *Hetrick, supra,* the court said at page 226: "The controlling principle is simply that, be it a case of master and servant, coservants, principal and agent, or participants of any character in a common or joint enterprise, no person may negligently injure another without being responsible for damages."

On the subject under discussion we are in full accord with the principles set forth in the above-mentioned cases. In our opinion, where the injured party brings an action against the driver based upon the negligence of such driver, neither the fact that such injured party is the owner of the car, nor the fact that he is the employer or principal for whom the driver is acting, nor the fact that he is engaged in a joint enterprise with the driver, should defeat the action. It goes without saying that an owner, employer, principal or any other person who is personally present may be chargeable with contributory negligence in an action brought by such person against the driver, but in such cases it is actual negligence and not imputed negligence which bars the recovery. In the present case under proper instructions the jury found that respondent was not chargeable with actual negligence. The evidence showed that respondent protested against any high speed or inattention on the part of appellant and in this action between the parties, the negligence of appellant against which respondent protested should not be considered in legal contemplation the act of respondent through any unwarranted extension of the doctrine of imputed negligence. To summarize, we conclude that under the facts in the present case respondent was not chargeable with actual negligence as a matter of law and that the negligence of appellant may not be imputed to her.

Appellant further contends that certain comments made by the court upon the testimony of certain doctors constituted prejudicial error. A reading of these comments as they appear in the transcript, coupled with the remarks of counsel for appellant concurring in what was said by the court, leads us to the conclusion that the error in making the

comments was harmless. In any event, no exception was taken or objection made to any of these comments in the trial court and the objection may not be raised for the first time on this appeal. (24 Cal. Jur. 737, sec. 21; *Price* v. *Northern Elec. Ry. Co.*, 168 Cal. 173 [142 Pac. 91].)

The further contentions made all relate to the giving or refusing of various instructions to the jury. Some criticism is directed at the instructions relating to the subject of negligence on the part of appellant. Such negligence was so clearly established by the uncontradicted testimony, that we cannot conclude that any alleged error in the instructions on this subject could be prejudicial to appellant. Appellant complains of certain "formula" instructions because they omitted any mention of the "defense of joint enterprise or imputation of negligence". We have above indicated that this defense was not available to appellant in an action between respondent and appellant, and there was therefore no error in omitting it from these instructions. The jury was fully and correctly instructed on the law relating to actual negligence on the part of respondent and this element was properly embraced in the "formula" instructions. A reading of the entire charge convinces us that there was no prejudicial error in the instructions given. The trial court did cover fully the subject of joint enterprise in the instructions, but, as heretofore stated, we believe that appellant was not entitled to defend on that ground. The fact that these instructions were given could only make the charge more favorable to appellant than he was entitled to have it and could not be prejudicial to him. The refused instructions, in so far as they correctly stated the law, were amply covered by the instructions given.

Counsel for appellant lay stress upon the fact that this is an action by a mother against her son, but it is not contended that there is anything in the law of this state which deprives a mother of a right of action against her son merely because of the family relationship. It may be, as indicated in the briefs, that an insurance company is involved; and it is possible that otherwise this action would not have been brought. We are not concerned with these questions. If, as intimated, the insurance companies feel that abuses have arisen in the prosecution of actions between relatives which would justify excluding such cases from the

coverage of their policies, this may be accomplished without difficulty by appropriate provisions in the policies themselves.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1931.