**Montagazzi v. Crisci**

304

*Craig Fishman,* for plaintiffs.
*Paul Walsh, Tom McDonnell, John Biondi, Michael Lang* and *Douglas Stipanovich* for defendants.

KUNSELMAN, *J.,* May 29, 2009—

## I. INTRODUCTION

Fifteen-year-old Matthew Montagazzi and four of his friends decided to make a homemade explosive device as entertainment on a summer afternoon in June 2005. They gathered most of the materials from Matthew's house, and went to another boy's house to ignite their creation. All of the boys knew it was dangerous to play with explosives.

The device did not explode on the first attempt. Matthew retrieved it and one of the boys relit it. Before Matthew could throw the device, it exploded in Matthew's hand.

Matthew and his parents sued the four other boys for the injuries to Matthew's hand. In their motions for summary judgment, the other boys claim (1) that they did not owe a duty to Matthew to warn or stop him, and (2) that Matthew assumed the risk of harm when he voluntarily chose to hold the explosive device when it was lit.

For the reasons that follow, this court is granting summary judgment.

## II. LEGAL ANALYSIS

Matthew and his parents sued the other boys, Nicholas Crisci, Bryan Bachman, Ryan Derbaum, and Jimmy Pratte, for negligence. Matthew's claims against all four boys are identical; he claims the boys (a) failed to warn him not to construct the device, (b) failed to stop construction of the device, (c) supplied the materials to construct the device and (d) participated in the plan with four other boys to construct the fireworks.

To prove negligence, a party must show that the other party owed him a duty of care. Whether a duty exists under a particular set of facts is a question of law. *Campisi v. Acme Markets Inc.,* 915 A.2d 117, 119 (Pa. Super. 2006). (citation omitted) A primary element in any negligence claim is that the defendant owes a duty of care to the plaintiff; a negligence claim must fail if the law imposes no duty of care in favor of the plaintiff under the circumstances. *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643 (Pa. Super. 2002).

The boys claim they owed Matthew no duty of care, and therefore summary judgment is proper. To determine whether the other boys owed a duty to protect Matthew, this court turns to the Restatement (Second) of Torts §314, which provides:

"*Section 314 Duty to act for protection of others:*

"The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."

This section of the Restatement was adopted by the Supreme Court of Pennsylvania in *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959). Section 314A of the Restatement (Second) of Torts sets forth the principle relationships which give rise to a duty to protect. They include a common carrier to his passengers, an innkeeper to his guests, a possessor of land to those who enter upon the land in response to an invitation, and one who takes custody of another so as to deprive the other of the normal opportunities to protect himself. An additional relationship involves an employer to his employee. Section 314A comment a. In this case, none of these special relationships existed between Matthew and the other boys.

### a. *Did the Boys Owe a Duty to Matthew To Warn Him About the Explosive Device Due to a Joint Enterprise?*

Matthew claims the other boys owed him a duty to warn him about the explosive device, because they were all engaged in a joint enterprise. He argues that each member of the joint enterprise owes the other a duty to warn them of the dangers involved in their activity. To support his argument, Matthew relies on a decision from a federal court, the 7th Circuit, in *Orthmann v. Apple River Campground Inc.,* 757 F.2d 909, 912 (7th Cir. 1985) and the Restatement (Second) of Torts §491.

The Restatement (Second) of Torts §491(2) allows a member of a joint enterprise to sue other members of the joint enterprise if their negligence caused an injury. The Restatement, however, does not impose a duty upon one member of a joint enterprise to warn other members of

a joint enterprise of the risk of harm associated with an activity. In fact, section 491 of the Restatement makes no mention of a duty to warn. Thus, Matthew's reliance on this section is misplaced.

Matthew's argument that the members of a joint enterprise have a duty to warn other members about the dangers associated with their activity under the decision in *Orthmann v. Apple River Campground Inc.* also has no merit. Matthew's interpretation of the law in this case, which is only persuasive authority in Pennsylvania state court, is wrong.

The duty to warn in *Orthmann* did not arise because the parties were members of a joint enterprise, but because of their relationship as a landowner and a business invitee. Contrary to Matthew's argument that the plaintiff and the defendants in *Orthmann* were part of a joint enterprise, the joint enterprise in *Orthmann* was between the various defendants: a campground, a restaurant and other businesses in Somerset, who joined together in a commercial venture (the "Floater's Association") to promote inner tubing on the Apple River. On the day of the incident, Orthmann rented an inner tube from the campground. There were no allegations that the plaintiff, Orthmann, was part of any joint enterprise.

Instead, the duty to warn the plaintiff in *Orthmann* arose from one of the special relationships set forth in Restatement §314A, namely a possessor of land and a business invitee. Orthmann paid a fee to use an inner tube on the river. The court specifically observed that Orthmann was not a licensee, *e.g.,* using the river with permission, but a business invitee, who paid a fee, and therefore was owed a higher duty of care by the defendants.

There is no similar relationship between the parties in this case. This case is not between a landowner and a business invitee; it is a case between one boy and four of his buddies. There is no higher duty of care owed among any of them.

Here, this court does not need to decide whether the boys were engaged in a joint enterprise, because it has no effect on the decision. Even if they were involved in a joint enterprise, there is no duty of care that arises from this relationship. This is not a case where some third party was injured by the actions of one of the boys, who plaintiff alleges were acting in concert. If it were, this court might need to decide whether the negligence of one of the boys could be imputed to all of them. See *Johnson v. Hetrick,* 300 Pa. 225, 150 A. 477 (1930) (if a third party is involved, the negligence of one member of a joint enterprise may be imputed to the others). However, the rule of imputed negligence does not apply in an action between one member of a group and another member of the same group. *Id.* at 231, 150 A. at 479-80.

This court finds that the joint enterprise doctrine has no application to this case; this court will not impute any negligence on behalf of one boy on all of the boys. Instead, this court must determine whether any of the boys were individually negligent, by breaching a duty to Matthew. This court finds that the other boys did not owe Matthew any duty to warn him of the dangers of the explosive device or warn him not to construct the device.

### b. *Did the Boys Owe a Duty to Matthew for Placing Him in a State of Peril?*

In addition to the failure to warn, Matthew argues that the other boys were negligent for failing to stop the con-

struction of the device, for supplying the component parts of the explosive device, and for participating in a plan to construct the device. Essentially, Matthew argues that the other boys placed him in a state of peril, and therefore owed a duty to protect him.

The boys owed a duty to Matthew if they placed him in a state of peril and then failed to control a force which was under their control. See Restatement (Second) of Torts §314, comment d.

This court finds that failing to stop the construction of the device, supplying the component parts and participating in a plan to build the device are not enough to give rise to a duty on behalf of the other boys. These actions did not place Matthew in a state of peril. If the boys had simply constructed the device and gone their separate ways, no one would have been injured. It was the lighting of the device which placed Matthew in the state of peril that eventually caused the harm.

Matthew does not allege negligence on the part of any of the boys for actually lighting the device. However, because he could likely amend his complaint prior to trial to include this specific allegation of negligence, we will assume for the sake of argument that this allegation was pled. See *Connor v. Allegheny General Hospital,* 501 Pa. 306, 310-11, 461 A.2d 600, 602 (1983) (A party may amend a pleading if the amendment does not change the cause of action but merely amplifies that which has already been averred).

As a matter of law, this court believes the only defendant who may have placed Matthew in a state of peril and failed to take steps to prevent the continuance of the

peril is the boy who lit the device, defendant Ryan Derbaum. Ryan was 12 years old at the time of the incident. It would be a question for the jury whether Ryan appreciated the risk and acted negligently when he lit the device and/or failed to stop the detonation of the device.

As to the remaining defendants, summary judgment is proper as a matter of law, because they did not actively place Matthew in a state of harm due to an active force that was within their control, and therefore they owed him no duty.

Our analysis with respect to Ryan Derbaum does not end, however, with our findings under the Restatement §314A, comment d, as this court must examine the defendants' other arguments, whether the no-duty rule absolves the boys of any duty under the facts of this case, and whether Matthew voluntarily assumed the risk.

### c. *Are the Boys Relieved of Any Duty to Matthew Under the "No-Duty" Rule?*

Analyzing the claim as one of negligence, the other boys argue that they are entitled to summary judgment, because they did not owe a duty to Matthew under the "no-duty" rule. Pennsylvania has adopted a "no-duty" rule which states that "a defendant owes no duty of care to warn, protect or insure against risks which are 'common, frequent or expected' and 'inherent' in an activity." *Craig v. Amateur Softball Association of America*, 951 A.2d 372, 375 (Pa. Super. 2008); citing *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 85, 394 A.2d 546, 551 (1978). Matthew argues that the "no-duty" rule does

not apply to these facts, because there is no amusement or athletic facility involved. This court agrees with Matthew.

The Superior Court discussed the no-duty rule in *Telega v. Security Bureau Inc.,* 719 A.2d 372 (Pa. Super. 1998):

"*Jones* is the seminal case discussing the 'no-duty' rule in Pennsylvania as it applies to recovery for claims filed against amusement facilities by injured spectators and patrons. This rule, which is related to, but distinct from, the affirmative defense of assumption of the risk . . . recognizes that there are certain inherent risks assumed by spectators or patrons when viewing sporting events or participating in amusements against which the amusement facility has no duty to protect." *Telega,* 719 A.2d at 374-75. (citations omitted)

Based on this discussion by the Superior Court, this court is compelled to hold that the "no-duty" rule does not apply to the facts of this case, but is limited to cases involving injured spectators, patrons or participants at amusement facilities. Thus, the boys would not be relieved of any duty to Matthew under the "no-duty" rule.

### d. *Did Matthew Assume the Risk of Injury by Holding the Explosive Device When It Was Lit?*

The boys' final argument in favor of summary judgment is that Matthew assumed the risk of injury by holding the explosive device when it was lit. Matthew claims the assumption of the risk defense is no longer valid in Pennsylvania, except in limited circumstances not pres-

ent in this case. To support this claim, Matthew relies on the Supreme Court decision in *Rutter v. The Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981). In *Rutter,* a plurality of the Supreme Court sought to abolish the doctrine of assumption of the risk, except where expressly preserved by statute, or cases of express assumption of the risk, or cases brought under 402A (strict liability).

Two years after *Rutter,* the court again addressed the assumption of the risk issue in *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). In *Carrender,* there was no question that the risk assumed by the plaintiff was intelligently and voluntarily taken, and the court decided there was no duty as a matter of law. "Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender,* 503 Pa. at 185-86, 469 A.2d at 124.

Ten years after *Carrender,* the Supreme Court again reached a plurality decision on an assumption of the risk case, in *Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107 (1993). There, the plurality decided that the assumption of the risk analysis must be applied by the court as part of the duty analysis and not as part of the case to be determined by the jury. *Id.* at 162, 620 A.2d at 1112-13. The court held that a "court may determine that no duty exists only if reasonable minds could not disagree that the plaintiff deliberately and with the awareness of specific risks inherent in the activity nonetheless engaged in the activity that produced his injury." *Id.* at 162, 620 A.2d at 1113.

Thus, under both *Carrender* and *Howell,* the assumption of the risk analysis is incorporated in the duty analysis. Under *Howell* the duty/assumption of risk analysis was a question of law for the court. *Howell,* 533 Pa. at 162, 620 A.2d at 1113. Under *Carrender,* the issue is one for the jury unless reasonable minds could not disagree. *Carrender,* 503 Pa. at 186, 469 A.2d at 124.

Because *Howell* was only a plurality ruling, it does not displace the prior majority ruling of *Carrender.* Plurality opinions, by definition, establish no binding precedent for future cases. *E.g., Commonwealth v. Bethea,* 574 Pa. 100, 111, 828 A.2d 1066, 1073 (2003); *Hoy v. Angelone,* 554 Pa. 134, 144, 720 A.2d 745, 750 (1998); see also, *Interest of O.A.,* 552 Pa. 666, 676 n.4, 717 A.2d 490, 496 n.4 (1998) (opinion announcing judgment of court by Cappy, J.) ("While the ultimate order of a plurality opinion; *i.e.,* an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority."). Thus, this court must follow *Carrender.*

This court finds that reasonable minds could not disagree that a 15-year-old understood and appreciated the risks inherent in the activity of holding an explosive device while it was lit. All of the defendants, therefore, had no duty to Matthew, because he voluntarily chose to encounter a dangerous condition which was both obvious and avoidable.

This court notes that the facts of this case are very similar to those in *Howell v. Clyde.* Howell was a guest at a party at the home of the defendant, who suffered injuries when a fireworks cannon exploded. Howell sup-

plied the gunpowder and participated in loading it into the cannon before ignition. The Supreme Court plurality determined that the host owed him no duty.

Likewise, this court holds that the other boys did not owe a duty to Matthew, who supplied most of the parts of the homemade explosive device and voluntarily chose to hold the device while it was lit. Although under *Carrender* this would normally be a question for the jury, this court believes reasonable minds could not disagree that Matthew voluntarily encountered a known and obvious risk.

Matthew argues that he did not anticipate the device would detonate prematurely, and therefore was not aware of the specific risk involved. This argument is without merit. At 15 years old, Matthew certainly knew the dangers of playing with firecrackers and gunpowder. He chose to encounter those risks, including the risk that it could explode at any time, when he voluntarily held the device when it was lit. The fact is, Matthew chose to play with fire and he got burned. As a matter of law, this court cannot find that the other boys owed Matthew any duty, and that Matthew assumed the risks associated with his actions.

## III. CONCLUSION

This court finds that there was no special relationship between Matthew and the other boys that would give rise to a duty to warn him of the dangers of holding an explosive device while it was lit. The joint enterprise theory has no application to the facts of this case, and does not give rise to a duty on the part of one member of a

joint enterprise to warn another member of a risk of harm. The no-duty rule has no application to the facts of this case and does not relieve the boys of any duty they might have to protect Matthew. Three of the boys, Nicholas, Bryan and Jimmy, did not place Matthew in a state of peril simply by failing to stop construction of the device, supplying materials and/or participating in a plan to construct the explosive device, and therefore they owed him no duty. One of the boys, Ryan, did place Matthew in a state of peril and may have owed him a duty because he actually lit the explosive device. However, this court finds that all of the boys, including Ryan, are relieved of any duty they may have had to Matthew, because reasonable minds could not differ that Matthew voluntarily chose to encounter a known risk of holding an explosive device while it was lit. Accordingly, this court enters summary judgment in favor of all of the defendants in the attached order.

## ORDER

And now, May 29, 2009, it is hereby ordered that the motions for summary judgment filed by each of the defendants in this matter are granted. Judgment is entered on behalf of all of the defendants and against the plaintiffs.