LOUIS DARMAN *vs.* CHARLES K. ZILCH.

JULY 7, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, and Baker, J..

BAKER, J. This is an action of trespass on the case for negligence, and is now before the court on the plaintiff's exception to the action of the superior court in sustaining a demurrer to the declaration.

The allegations in the declaration, which is in two counts, set out in substance that, at the time of the accident referred to, the plaintiff was the owner of a certain automobile and was riding therein in the rear seat as a passenger, in the exercise of due care, such automobile not being under his care and direction. The defendant, it is alleged, was employed by the plaintiff as his chauffeur, and at the time in question the automobile was under his care and direction. The declaration then further alleges that by reason of the

negligent operation of such automobile by the defendant in certain specified respects, a collision occurred between the automobile and a large motor truck, resulting in personal injuries to the plaintiff and damage to his automobile.

To this declaration the defendant demurred on the following grounds; first, that the declaration failed to set out a cause of action; second, that the declaration alleged that at the time and place of the accident the plaintiff owned the automobile, was riding therein, and was employing the defendant as his chauffeur; and third, that the declaration did not show that the automobile was not then and there being operated for the plaintiff's purpose and in his behalf.

The defendant contends that, under the facts set out in the declaration, he should be held liable only when acting wantonly or outside the scope of his employment.

He does not seriously question the existence of the recognized rule, that an agent or an employee is liable to his principal or to his employer for acts of negligence causing damage to such principal or employer, whether such damage be direct or brought about by compensation the latter has been obliged to make to some third person for injuries sustained by him arising from such negligent acts. *Page v. Welles*, 37 Mich. 415; 18 R. C. L. 502; 1 Am. & Eng. Encyc. of Law (2d ed.) 1063; 2 Shearman & Redfield on Negligence (6th ed.) § 242.

The defendant, however, urges that the above principle should not be held to apply to domestic servants or employees, that they should constitute an exception to the general rule and that he, as the plaintiff's chauffeur, falls within this category. In support of this contention, the defendant points out the close relationship which often exists between an employer and his domestic servants, more so than between the employer and other types of agents or employees, and also the complete oversight and control usually exercised by the employer under such circumstances.

In our judgment, the defendant's claim in this connection is not sound. While it is possibly the fact, as he states, that there is a lack of reported cases of this kind, brought by an employer against his domestic servant, this situation may well be due to practical considerations, or circumstances of a like nature. In our opinion the right of action exists. No authorities have been brought to our attention which support the proposition that, in an action of this type, a domestic servant is not liable to his employer for ordinary negligence, and we find no holding that an employer assumes the risk of such negligence. The nature of the relationship alone between an employer and a domestic servant does not warrant the creation of such an exception to the general rule.

The defendant further argues that it is against public policy to permit the plaintiff to maintain this action and cites the case of *Matarese* v. *Matarese,* 47 R. I. 131, as providing an analogy to conditions revealed by the pleadings herein. In that case an unemancipated minor was not permitted to sue his father to recover for injuries caused to the minor by the parent's negligence. The decision is in accord with the weight of authority, and rests upon the principle that, because of the family relationship between the parties, and their interrelating duties one to the other, it would be contrary to public policy to allow such a suit, as it would tend to bring discord into the family. This rule is apparently limited to actions by unemancipated minors against their parents. At the present time, it is well settled that adult members of the same family may bring suits based on negligence against each other. *Najjar* v. *Horovitz,* 54 R. I. 224; *Bushnell* v. *Bushnell,* 103 Conn. 583. We are of the opinion, that the underlying principle upon which the decision in the case of *Matarese* v. *Matarese, supra,* rests, does not apply to a situation where an employer has sued his chauffeur for the latter's alleged negligent act. The duties and obligations existing between a parent and his unemancipated minor child, and those existing between an employer and his domestic servant are not parallel.

Experience has apparently as yet not made it advisable or necessary to bar such actions on the ground of sound public policy, and we see no reason for laying down such a rule here.

In our judgment, the question of joint enterprise between the plaintiff and the defendant is not involved in the instant case on the facts alleged in the declaration. This subject is fully dealt with in the cases of *Lucey* v. *Hope & Sons*, 45 R. I. 103, and *Najjar* v. *Horowitz, supra,* and the essential elements required to establish such a relationship between the persons involved are carefully set out therein. One of such elements is that there must be a community of interest in the purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in connection therewith. Obviously, such a condition does not exist in the ordinary case where an owner of a motor vehicle is riding with his chauffeur, who is operating the car.

Reported cases precisely similar to the instant case are apparently rare. None has been brought to our attention by the defendant. The plaintiff has cited *Donohue* v. *Jette,* 106 Conn. 231, which seems to support his position that the action is maintainable. That case, however, is very briefly reported. It does not appear whether the deceased, for the benefit of whose estate the action was brought, owned the automobile in which he was riding and which was being driven by the defendant at. the time of the accident, nor exactly what the relationship between the deceased and the defendant was at that time. The court used the following language, however, at page 232: "The defendant claims that he was the agent of the deceased, engaged upon his business, at the · time of the accident; but, if so, that would not relieve him of liability for the results of his negligence."

In *Ledgerwood* v. *Ledgerwood,* 114 Cal. App. 538, an action brought by a mother against her adult son for personal injuries growing out of an automobile accident, it appeared that the plaintiff was riding in an automobile belonging to her husband, the defendant's father, and which

was being operated by the defendant. The latter contended that the plaintiff was guilty of contributory negligence as a matter of law The court refused to so hold, but found that the question of whether or not the plaintiff was chargeable with actual negligence was properly submitted to the jury. The court said at page 541: "Appellant seeks to charge respondent with imputed negligence upon the theory of joint enterprise and also upon the theory that respondent was the owner of the car and therefore theoretically had the right of control. We need not stop to consider the sufficiency of the evidence to show joint enterprise nor whether the respondent might properly be deemed the owner because of her community property interest in her husband's car. We may assume that respondent was the owner of the car and that the parties were engaged in a joint enterprise, but in our opinion the negligence of appellant may not be imputed to respondent and her right of recovery is not defeated in the absence of actual negligence on her part." The court also made the following observations on page 543, which, though in part *dicta*, are pertinent to the issues now before us: "In our opinion, where the injured party brings an action against the driver based upon the negligence of such driver, neither the fact that such injured party is the owner of the car, nor the fact that he is the employer or principal for whom the driver is acting, nor the fact that he is engaged in a joint enterprise with the driver, should defeat the action. It goes without saying that an owner, employer, principal or any other person who is personally present may be chargeable with contributory negligence in an action brought by such person against the driver, but in such cases it is actual negligence and not imputed negligence which bars the recovery."

We are in general accord with the decision of the court in *Ledgerwood* v. *Ledgerwood, supra,* that, in a suit for negligent operation by the owner against his chauffeur, the mere presence of the owner of the automobile in the car at the

time of the accident does not raise any presumption of law that the owner was guilty of contributory negligence, nor does it cause the operator's negligence, if any, to be imputed to the owner so as to prevent the maintaining of such an action. In our judgment, under such circumstances the actual negligence of the respective parties is in question, and is to be determined from the facts presented. If the owner of a motor vehicle, operated by another, is in it at the time of the occurrence involved, and retains the right and power to control the manner in which it is to be driven, then the issue is raised as to whether in an action brought by the owner against the driver of the vehicle, for improper operation, such owner is guilty of any negligent act of omission or commission which contributes to his own injury. Such issue is one of fact, however, and must be determined from the evidence adduced. See *Wheeler* v. *Darmochwat*, 280 Mass. 553. In the instant case, the plaintiff satisfies the requirements of pleading by alleging in his declaration that he was in the exercise of due care.

The defendant calls to our attention the doctrine that ordinarily the presence of the owner of the motor vehicle in the car raises a presumption that the driver is acting within the scope of his master's business, that the owner has the control of the operation of the vehicle and that the driver's negligence is to be imputed to such owner. 7-8 Huddy Cyc. of Automobile Law (9th ed.) 243; *Baker* v. *Maseeh*, 20 Ariz. 201. An examination of the authorities shows that these presumptions are commonly applied in cases by or against third persons. We do not find such authorities applicable to the facts as pleaded in the present case. In *McCoy* v. *Fruliger*, 55 R. I. 492, this court did not approve an extension of these general principles.

Finally, the defendant contends that the plaintiff is not entitled to maintain this action because the latter's position, as disclosed by his declaration, is repugnant to a position previously taken by him in a case against another person, growing out of the same accident. Whatever may be the

extent of the doctrine of judicial notice, we are of the opinion that the point urged is not raised by the demurrer now before us. Possibly the question may arise in some form during the course of the trial. At the present time we deem it proper to express no opinion upon it.

In our judgment, therefore, the declaration herein states a case, and the action of the superior court in sustaining the defendant's demurrer thereto was erroneous.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Morris E. Yaraus*, for plaintiff.
*Henshaw, Lindemuth & Baker*, for defendant.