348 So.2d 1231 (1977)
David CASTANEDA, Marta Manzanilla Castaneda, and Marta Elena Castaneda, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A Foreign Corporation, Appellee.
No. 76-1249.
District Court of Appeal of Florida, Third District.
August 9, 1977.
*1232 Stabinski, Funt, Tucker & Levine, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HENDRY, Chief Judge.
This is an appeal from a final judgment on the pleadings dismissing appellant's, plaintiffs below, amended declaratory action against appellee, defendant below.
Appellants Marta Manzanilla Castaneda and Marta Elena Castaneda were injured in an automobile accident on December 13, 1972. The accident occurred when a vehicle owned by one Al R. Denker and operated by one Ricardo R. Caceres struck appellants' vehicle. The automobile owned by Denker was insured by Gateway Insurance Company.
After suit was filed against Denker and his insurer, the latter filed an offer of judgment for the total amount of bodily injury liability coverage available. The offer of judgment was accepted by appellants and the suit against Gateway and Denker was dismissed. Appellants thereupon commenced the above declaratory action in December of 1975, seeking uninsured motor vehicle coverage from appellee under four policies of insurance covering four vehicles owned by appellant, David Castaneda, one of the covered vehicles being the automobile involved in the accident.
Appellants' amended complaint for declaratory relief alleged that the Denker automobile was either an uninsured motor vehicle at the time of the accident, by virtue of the fact that the driver Caceres, was uninsured and owned no motor vehicle, or alternatively, that the vehicle was underinsured, in that the vehicle's owner, Denker, had coverage limits of bodily injury liability insurance which were less than the limits provided to appellants by virtue of the combined (stacked) uninsured motor vehicle coverage limits on their four policies of insurance.
Appellee filed a motion for judgment on the pleadings based upon the grounds that the Denker vehicle was neither uninsured nor underinsured in that (1) the owner of the vehicle, Denker, had coverage from Gateway Insurance Company and (2) that the concept of "underinsured" motor vehicles arose out of Section 627.727(2)(b), Florida Statutes (1973), which was not in effect at the time of the accident. Judgment on the pleadings was granted and this appeal follows.
After carefully reviewing the record and briefs, and having heard arguments of counsel, we are of the opinion that the final judgment must be affirmed. Section 627.727(2)(b), Florida Statutes (1973), which defines an uninsured motor vehicle to include an insured motor vehicle when the liability insurer thereof, "has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage," became effective on October 1, 1973, and is only "applicable to policies delivered, issued for delivery, or renewed in this state with an inception date on or after October 1, 1973." Appellants' policies of insurance were issued on January 3, 1972, and, as mentioned above, the accident occurred on December 13, 1972, precluding the applicability of the "underinsured" concept sub judice. See Government Employees Insurance Co. v. Butt, 296 So.2d 599 (Fla. 3d DCA 1974).
*1233 In addition, the Denker automobile was not an uninsured motor vehicle as appellants contend. While the vehicle may have been driven at the time of the accident by an uninsured motorist, the record is clear that the owner of the automobile owned a policy of insurance issued by Gateway Insurance Company, the proceeds of which were paid to appellants. Hayston v. Allstate Insurance Co., 290 So.2d 67 (Fla. 3d DCA 1974).
Accordingly, the judgment appealed from is hereby affirmed.
Affirmed.