HAVERFIELD, Chief Judge.
Plaintiffs appeal an order granting the motions of defendant insurers for judgment on the pleadings in this declaratory judgment action seeking to determine coverage under the provisions of plaintiff’s automobile insurance policies.
On December 9, 1973, plaintiffs (Irene Coney and her passengers) sustained serious injuries when the car in which they were riding was struck by an automobile owned and negligently operated by George Burks. Burks was covered by an insurance policy with liability limits of $10,000/$20,000. Irene Coney was insured under a policy which was issued by Reserve Insurance Company effective January 17, 1973, and provided for uninsured motorist coverage in the amount of $10,000/$20,000. In addition, the car operated by Coney[1] was insured by State Farm Mutual Automobile Insurance Company. This policy was issued on January 5, 1973 and contained uninsured motorist coverage in the amount of $10,000/$20,-000. The limits of liability under Burk’s policy being inadequate, plaintiffs made demand upon Reserve and State Farm under the uninsured motorist provisions of their policies pursuant to Section 627.727(2)(b), Florida Statutes (1973),[2] which includes in the definition of uninsured, a motorist who is underinsured. State Farm and Reserve denied coverage and plaintiffs filed the instant declaratory judgment action. Both insurers filed answers denying liability on the ground that Section 627.727(2)(b), Florida Statutes (1973), became effective on October 1, 1973, and, therefore, were not applicable to their policies which were issued prior thereto in January, 1973. Upon the insurers’ motion, the trial court entered a judgment on the pleadings in their favor for the above stated reason. Plaintiffs appeal. We affirm.
Section 627.727(2)(b), Florida Statutes, which is the subject of this controversy, became, effective October 1, 1973, and the legislature clearly provided that this section is applicable only to “policies delivered, issued for delivery, or renewed in this state with an inception date on or after October 1, 1973.” See Laws of Florida, Chapter 73-180, Section 5 (1973).
Although the accident occurred after the effective date of the statute, the policies of Reserve and State Farm were issued some ten months previous to that date and we find the trial court correctly entered judgment in favor of these insurers. See Castaneda v. State Farm Mut. Auto. Ins. Co., 348 So.2d 1231 (Fla. 3d DCA 1977); Marks v. Travelers Indem. Co., 339 So.2d 1123 (Fla. 3d DCA 1976).
Affirmed.

. and owned by Albert Johnson

. “ *(2) For the purpose of this coverage, the term ‘uninsured motor vehicle’ shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
(a) Is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; or
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist’s coverage.”