Chaeli L. SULLIVAN, Appellant,

v.

SKEIE PONTIAC, INC., Appellee.

No. 61375.

Supreme Court of Iowa.

Oct. 18, 1978.

Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellant.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellee.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves the effect, on the owner's liability to third persons, of failure to obtain a motor vehicle inspection certificate when the owner sells and transfers the vehicle to a buyer. See Code 1973, §§ 321.-238, 321.493. The events involved occurred in Story County, Iowa.

Defendant Skeie Pontiac, Inc. owned a 1972-model used car which was subject to inspection under § 321.238. On June 29, 1974, Steven Clark agreed to buy the car and paid $100 down. On July 1, Clark paid the balance of the price. Skeie, which holds a license as an Iowa inspection station, inspected the car, and marked the printed Iowa Certificate of Inspection with an "X" and dated the certificate as follows: "Passed ( ) Rejected (X) Date 7/1/74". Skeie therefore did not affix an approved certificate to the car. Nonetheless, it delivered the car to Clark. The parties understood that Clark would return the car later for repair.

While driving the car on July 5, Clark negligently collided with a vehicle driven by plaintiff Chaeli L. Sullivan, causing her injuries.

The day after the collision Clark returned the car to Skeie, which repaired and reinspected it. Skeie marked the same Certificate of Inspection with an "X" in a lower space and dated the certificate as follows: "Passed (X) Rejected ( ) Date 7/6/74". Skeie thereupon attached the certificate to the car.

In Sullivan's subsequent action against Skeie under the owner's liability statute, § 321.493, a jury awarded Sullivan damages. The trial court thereafter granted Skeie judgment notwithstanding the verdict on the ground that Sullivan failed to prove Skeie owned the car at the time of the collision. Sullivan appealed.

■ I. Does the failure of an owner to obtain and have affixed an approved inspection certificate prevent passing of ownership to a buyer insofar as the owner's liability statute is concerned? We first quote relevant portions of the pertinent statutes from the Code of 1973 (with amendments to § 321.238 by 65 G.A. ch. 208, §§ 3–8, ch. 215, § 1, ch. 1087, § 12, ch. 1090, §§ 132, 203, ch. 1180, §§ 110, 111, and ch. 1187, §§ 1, 2).

Section 321.493, the owner's liability statute, provides:

In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

A person who has made a bona fide sale or transfer of his right, title, or interest in or to a motor vehicle and who has delivered possession of such motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of such motor vehicle by another, but the purchaser or transferee to whom possession was delivered shall be deemed the owner. The provisions of subsection 2 of ˙Section 321.45 [the certificate of title law] shall not apply in determining, for the

purpose of fixing liability hereunder, whether such sale or transfer was made.

Section 321.238 relates to inspection of motor vehicles. It provides in subsection 1:

1. The director [of the state department of transportation] may grant permits for the operation of vehicle inspection stations authorized to issue official certificates of inspection of vehicles. . . . .

Subsection 4(*b*) provides:

4. The director shall: . . .

*b.* Provide instructions and all necessary forms to authorized inspection stations for the inspection of vehicles and the issuance of official certificates of inspection. . . .

Subsection 10 provides in its first paragraph:

10. In making a vehicle inspection, the inspection station shall inspect such of the following equipment as is applicable to the vehicle: Brakes, lights, turning signals, steering, sound devices, glass, mirrors, exhaust system, windshield wipers, seat belts, tires and such other safety equipment as may be prescribed for inspection under rules and regulations adopted by the director. . . .

Subsection 10 provides in its second paragraph:

Upon completion of inspection of a vehicle and determination that its equipment is in adequate condition and proper adjustment to warrant issuance of a certificate of inspection, the inspection station which has made the inspection shall affix an official certificate of inspection to such vehicle in the manner specified by the director.

Subsection 11 provides in its first paragraph:

11. If an inspection discloses the necessity for repairs, the owner of the vehicle or person having custody thereof shall be so notified. Repairs and adjustments need not be made at the inspection station which has made the inspection and if the owner or person having custody of the vehicle elects not to have the repairs

or adjustments made at that time a certificate of rejection shall be affixed to the vehicle. . . .

Subsection 11 provides in its third paragraph:

> The owner or person having custody of the vehicle to which a certificate of rejection has been affixed may appeal the rejection to the department [of transportation]. The appeal shall be in writing and shall be filed with the department of transportation within ten days of the rejection. The department [of transportation] shall hold a hearing on the appeal within ten days of receipt of the appeal and shall issue a decision affirming the rejection or disallowing the rejection, in whole or in part, within seven days of the hearing.

Subsection 12 provides:

> 12. Every motor vehicle subject to registration under the laws of this state, . . . when sold at retail within or without this state, or otherwise transferred . . . shall be inspected at an authorized inspection station . . . . If the motor vehicle is subject to inspection, the authorized inspection station shall issue and affix a valid certificate of inspection or certificate of rejection, as the case may be, in accordance with the results of the inspection. . . .

Subsection 15 provides:

> 15. Judicial review of the actions of the commissioner may be sought in accordance with the terms of the Iowa administrative procedure Act.

Subsection 18 provides:

> 18. A person shall not sell or transfer any motor vehicle . . . unless there is a valid official certificate of inspection affixed to such vehicle at the time of sale. Any person violating the provisions of this section shall be subject to a fine of one hundred dollars and shall be liable to the purchaser in damages for all costs involved in obtaining a valid certificate of inspection for such vehicle.

Subsection 19 provides:

> 19. As used in this section, "sale" means the delivery of possession of a vehicle to a person who has purchased or contracted to purchase the vehicle.

Skeie contends a) that the certificate of title law, § 321.45(2), did not prevent transfer of ownership to Clark because of the second paragraph of § 321.493, and b) that the inspection law, § 321.238, did not prevent transfer of ownership because it does not by its terms purport to do so. Therefore, Skeie says, the common law applies and since Clark paid the price and Skeie delivered the car, ownership of the vehicle passed to Clark.

The trial court rejected Skeie's argument that § 321.238 does not prevent the passing of ownership, as did a United States District Court in a similar case. *Campbell v. LeClaire Wrecking Service,* 380 F.Supp. 555 (S.D.Iowa). We also reject the argument for the reasons stated in *Campbell.* As the trial court in the present case pointed out, the objectives of § 321.45(2) and § 321.238 are different. For owner's liability purposes under § 321.493, the legislature expressly provided that the certificate of title law in § 321.45(2) should not control. But it did not so provide with respect to the inspection law in § 321.238. That section is, among other things, a safety measure. The trial court aptly stated, "There is a sound explanation for the legislature's action, namely, owner's liability responsibility is a solid motivator to obtain safety compliance before a new buyer takes a motor vehicle onto the highway."

Section 321.238(18) states that "a person shall not sell or transfer any motor vehicle . . . unless there is a valid official certificate of inspection affixed to such vehicle at the time of sale." While the section proceeds to make a violation a misdemeanor, we think we would stultify the safety objective of § 321.238 if we held a transferor could divest himself of ownership liability notwithstanding noncompliance with that section.

Skeie argues § 321.493 provides that a person who has made a "bona fide" sale or transfer and delivered possession is no longer liable as owner under that section. But

how can we say a sale and delivery are bona fide when they are in contravention of the express proscription of § 321.238(18) that a person "shall not" sell or transfer a motor vehicle unless a valid inspection certificate is attached? The federal district court dealt with this question in the *Campbell* case and stated at pages 558–559:

> The purpose of the inspection law is to ensure that vehicles operating on the streets and highways of Iowa meet at least some minimal standard of safety and that operation of such vehicles poses no undue threat to the health and well-being of the people and property in the state. It thus seems reasonable and just to hold transferors of motor vehicles to a greater responsibility with regard to inspection of their vehicles than with regard to the proper execution and registration of title documents. While failure to transfer a title properly may make the orderly collection of vehicle taxes more difficult or complicate the financing of vehicle purchases, the operation of potentially unsafe automobiles poses a substantial threat to the lives of all within their reach.

We hold that noncompliance with § 321.-238 results in retained ownership responsibility under § 321.493 on the part of the seller.

II. Skeie argues that it complied with § 321.238. That section points out what must be done upon a contemplated transfer of a vehicle. Under the second paragraph of § 321.238(10), the inspection station must, if it determines that the vehicle passes, "affix an official certificate of inspection to such vehicle . . . ." Under § 321.238(11), on the other hand, if the vehicle does not pass "the owner of the vehicle or person having custody thereof shall be so notified." (Here the owner and inspector were the same—Skeie.) The subsection also states that if the owner or custodian does not then have the repairs or adjustments made, "a certificate of rejection shall be affixed to the vehicle." Under the last paragraph of § 321.238(11), if the owner or custodian disagrees with a rejec-tion he may appeal to the department, and from thence, under subsection 15, to court.

■ Skeie inspected the car but did not pass it or affix a valid official certificate of inspection. On the contrary, Skeie rejected the vehicle. Hence § 321.238(18) prohibited Skeie from transferring the car, as the vehicle had no "valid official certificate of inspection affixed". Skeie did not make the repair and no one appealed the rejection to the department under § 321.238(11), but Skeie nevertheless delivered the car to Clark.

Skeie contends however that the car really did pass inspection because it rejected the vehicle erroneously. It arrives at this conclusion by challenging the basis for the rejection.

At the time of the inspection, Skeie assigned as its reason for rejection that the windshield washer was inoperable. Skeie now contends that this was not a valid ground for its rejection.

Cars manufactured after 1967 must be equipped with windshield washers. 49 C.F.R. § 571.104(S4.2), § 571.7 (1977); 15 U.S.C. § 1392(a). Section 321.238(4)(*b*) of the Iowa Code requires the director to provide inspection stations with instructions and forms. Prior to the present events, the Iowa director (then the Iowa public safety commissioner) issued a handbook for inspection stations, which stated on page X–1:

WINDSHIELD WASHERS

United States vehicles manufactured after January 1, 1968, must be equipped with washer system.

| PROCEDURE | REJECT VEHICLE IF |
| --- | --- |
| Inspect for satisfactory operation. | –Vehicle is so equipped and the washers do not function. |

The director also issued the printed form used here listing the windshield washer as a required item. This was the item Skeie checked on the form as inoperable.

Skeie now contends that the items which must pass in order for a station to issue an inspection certificate are those enumerated in § 321.238(10) plus those added by rules and regulations of the director. Skeie ar-

gues that § 321.238(10) does not enumerate windshield washers, and that the director's handbook and form do not constitute "rules and regulations." Skeie concludes that it should not have issued a rejection but should have passed the car and affixed a valid certificate. It points out that the handbook was not adopted by actual "rule" until 1977. 820–[07, E], 21.13(1), IAC.

■ We do not decide whether, at the time of these events, the director's handbook requirement of an operable windshield washer was a valid "rule." Section 321.238 is a safety measure and subsection 18 explicitly prohibits the sale or transfer of a car "unless there is a valid official certificate of inspection affixed to such vehicle at the time of sale." Various disputes can arise as to whether a rejected car should have been rejected, but in order to put teeth into § 321.238, we hold that when a car does not have a valid inspection certificate affixed but a seller sells and transfers it anyway in violation of § 321.238(18), he does so at his own peril insofar as owner's liability is concerned. If a seller or buyer wishes to contest a rejection, the proper remedy is to obtain a ruling from the department or, in addition, from a court, as § 321.238(15) authorizes. The seller should not unlawfully sell the uncertificated car anyway and then litigate the inspection question in a tort lawsuit with a member of the public. Under such circumstances we consider the seller to be an owner under § 321.493.

Skeie sold this car without an inspection certificate and § 321.493 therefore applies. We thus return the case to district court for reinstatement of the verdict and entry of judgment for Sullivan.

REVERSED AND REMANDED.