**Florence R. BARNETT, Appellant,**

v.

**Marvin BOWERS, Appellee.**

**No. 63193.**

Supreme Court of Iowa.

Oct. 17, 1979.

Robert L. Ulstad of Ulstad Law Office, Fort Dodge, for appellant.

James L. Kramer of Johnson, Burnquist, Erb, Latham & Gibb, P. C., Fort Dodge, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and LARSON, JJ.

LeGRAND, Justice.

This is a suit by the buyer of an automobile against the seller based on the seller's failure to comply with the motor vehicle inspection law. The trial court found against plaintiff. We affirm.

Florence R. Barnett purchased a 1966 Chevrolet automobile from the defendant Marvin Bowers. Plaintiff took possession of the car, although transfer of title was not completed and no certificate of inspection was obtained as required by section 321.238(18), The Code 1975. Before these formalities were accomplished, plaintiff was involved in an accident while driving this vehicle. Ultimately she was required to pay damages of $709.36 pursuant to judgment obtained against her by the third party. Plaintiff says defendant was the owner of the car and is liable for the damage caused. Section 321.493, The Code; *Sullivan v. Skeie Pontiac,* 270 N.W.2d 814 (Iowa 1978). From this premise, plaintiff argues she should have contribution from defendant.

We agree with plaintiff that defendant's non-compliance with section 321.-238(18) prevents defendant from escaping responsibility under section 321.493 as the owner of the vehicle. We made this clear in *Sullivan* where we said:

Section 321.238(18) states that "a person shall not sell or transfer any motor vehicle . . . unless there is a valid official certificate of inspection affixed to such vehicle at the time of sale." While the section proceeds to make a violation a misdemeanor, we think we would stultify the safety objective of § 321.238 if we held a transferor could divest himself of ownership liability notwithstanding non-compliance with that section.

. . . . .

We hold that noncompliance with § 321.238 results in retained ownership responsibility under § 321.493 on the part of the seller.

270 N.W.2d at 816–17. However, we do not agree with her conclusion that this entitles her to contribution.

We point out that section 321.493 was enacted to protect third parties, not to resolve rights between an owner of a vehicle and his consent driver. *Stuart v. Pilgrim,* 247 Iowa 709, 717, 74 N.W.2d 212, 217 (1956).

Furthermore to allow plaintiff contribution here would violate the basic principle upon which that doctrine rests. Contribution is equitable in nature; but it would be *inequitable* to compel one whose liability is vicarious to contribute to one whose active negligence caused the loss. In fact, the general rule is the converse: when two persons are liable, one for active negligence and one for passive (or for none), the former should bear the whole loss. *Federated Mutual Implement & Hardware Ins. Co. v. Dunkelberger,* 172 N.W.2d 137, 142 (Iowa 1969), *partially overruled, Lewis v. State,* 256 N.W.2d 181, 192 (Iowa 1977); *Best v. Yerkes,* 247 Iowa 800, 806, 77 N.W.2d 23, 26 (1956); *Rozmajzl v. Northland Greyhound Lines,* 242 Iowa 1135, 1143, 49 N.W.2d 501, 506 (1951). We quote the following from *Rozmajzl*:

> One who is liable only by reason of a duty imposed by law for the consequences of another's negligence may recover over against the active perpetrator of the wrong. So a servant is liable to his master who is not at fault for damages the latter is compelled to pay a third person because of the servant's negligence. *Hobbs v. Illinois Cent. R. Co.,* 171 Iowa 624, 628, 152 N.W. 40, L.R.A. 1917E 1023; *Northern Pac. Ry. Co. v. Minnesota Transfer Ry. Co.,* 219 Minn. 8, 16 N.W.2d 894, 896; *Denver-Chicago Trucking Co. v. Lindeman,* D.C.Iowa (Judge Graven), 73 F.Supp. 925, 935; *Darman v. Zilch,* 56 R.I. 413, 186 A. 21, 110 A.L.R. 826, 828, and annotation 831, 834 (owner, riding with his chauffeur, held entitled to recover from him for his negligence. Held also there was no joint venture); Restatement, Restitution, section 96, and comment a: 4 Shearman and Redfield on Negligence, Rev. Ed., section 894.

242 Iowa at 1142–43, 49 N.W.2d at 506.

Plaintiff's assertion she should have contribution from defendant because of his liability under section 321.493 is without merit. As the case comes to us, this is the only issue raised by plaintiff.

Some question has been raised about jurisdiction. *See* rule 3, R.App.P. The amount of the judgment obtained against plaintiff, for which she seeks contribution, was $709.36. She asks for $3,000.00, the exact amount necessary to establish jurisdiction. The difference between the two represents the costs and attorney fees in the original suit. Whether these are recoverable in a later suit for either indemnity or contribution is not free from doubt. *See McMahon v. Weesner,* 254 F.Supp. 839, 842 (S.D.Fla.1966); *National Farmers Union Property & Casualty v. Nelson,* 260 Iowa 163, 173, 147 N.W.2d 839, 845 (1967); 18 Am.Jur.2d *Contribution* § 18 (1965). However, for purposes of this opinion, we accept the allegations of the petition as sufficient for jurisdictional purposes.

The judgment is affirmed.

AFFIRMED.