IOWA KEMPER INSURANCE COMPANY, Appellant,

v.

Joel CUNNINGHAM, Suzanne Cunningham, and Keith A. Cunningham, Appellees.

No. 65528.

Supreme Court of Iowa.

May 13, 1981.

Stewart H. M. Lund, Webster City, for appellant.

Richard L. Karr of Karr, Karr & Karr, Webster City, for appellees.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

McCORMICK, Justice.

This case involves a dispute concerning automobile insurance coverage. Plaintiff Iowa Kemper Insurance Company sought a declaratory judgment that a 1972 Ford LTD was not an "owned automobile" under its policy with defendant Keith A. Cunningham on January 24, 1977, when it was in an accident in Webster City. The case was tried to the court on stipulated facts. The trial court held that the automobile was covered by the policy despite assignment of title by the insured prior to the date of the accident. We affirm.

Plaintiff contends the trial court erred in refusing to apply Illinois title law and in holding the transfer of title was ineffective under Iowa law. No issue is presented concerning construction or interpretation of policy language. The parties believe the question of coverage is controlled by motor vehicle title law. We have no occasion to determine whether we agree with that view.

Under the stipulated facts, title to the automobile was registered in Illinois in the name of Keith A. Cunningham, an Illinois resident. Keith had purchased insurance on the vehicle from plaintiff. Subsequently he turned over possession and control of the vehicle to his son, defendant Joel Cunningham, with plaintiff's knowledge. Joel obtained a loan from City National Bank and Trust Company of Rockford to finance the purchase of the car. Keith co-signed the note, and the title was held by the bank as security. On January 18, 1977, the bank released its lien. Keith endorsed an assignment of the title to Joel on the same date, subject to a new lien in favor of the bank. Joel was then a resident of Iowa.

On January 24, 1977, the automobile was involved in an accident in Webster City while being driven by defendant Suzanne Cunningham, Joel's wife. The assignment of title had not been delivered to Joel at the time of the accident, and he did not know about it. The vehicle had not been inspected. Keith had not notified plaintiff of the assignment of title prior to the accident. Plaintiff brought the present action to determine its responsibility for defense and damages in third-party lawsuits which arose from the accident.

I. *Applicability of Illinois law.* Plaintiff alleges the trial court erred in applying Iowa rather than Illinois law to the controversy. For purposes of this issue, we assume plaintiff is correct that Illinois law should govern on the title question. Nevertheless, plaintiff did not plead or prove the Illinois law on which it relies.

▉▉▉ A pleading which asserts a right derived from a sister-state statute must "refer to such statute by plain designation" for the court to take judicial notice of it. Iowa R.Civ.P. 94; *Berger v. General United Group*, 268 N.W.2d 630, 634 (Iowa 1978). Here plaintiff merely alleged the vehicle and its title "were subject to the laws of the State of Illinois." This allegation did not designate any statute. Therefore *no basis* existed under rule 94 for the court to take judicial notice of Illinois statutes.

Nor did plaintiff prove Illinois statutory or case law in accordance with sections 622.59, .60, and .61, The Code. Illinois statutory and case law was not included in the stipulation or otherwise made part of the evidence.

Because plaintiff failed to plead or prove Illinois law, we presume the applicable Illinois law is the same as that of Iowa. The result is the same as if Iowa law were applicable. *In re Estate of Allen*, 239 N.W.2d 163, 169 (Iowa 1976).

II. *The attempted transfer of title.* The trial court held that the assignment of title from Keith to Joel was ineffective as a transfer of ownership because Keith did not have the vehicle inspected as required by section 321.238. Plaintiff asserts the court erred in applying the holding in *Sullivan v. Skeie Pontiac, Inc.*, 270 N.W.2d 814 (Iowa 1978), in this case.

In *Sullivan* this court held that an owner's failure to obtain an approved inspection certificate as required by section 321.238 prevents the passing of ownership for owner's liability purposes under section 321.493. 270 N.W.2d at 817. Plaintiff contends the trial court was wrong in holding that noncompliance with section 321.238 will also prevent title from passing under the gener-

al certificate of title provision in section 321.45(2).

If plaintiff is correct, Keith would be owner of the automobile for third-party claim purposes but not for insurance purposes. Thus, according to plaintiff, he might be liable to third parties as owner of the vehicle under section 321.493, but not covered for that liability because not the owner of the vehicle under section 321.45(2). Plaintiff does not address the issue whether its coverage of nonowned vehicles would then come into play. We find it unnecessary to decide that issue.

The relationship between sections 321.45(2) and 321.493 is explained in *State Farm Automobile Ins. Co. v. Wyant*, 191 N.W.2d 689, 691–92 (Iowa 1971). Because the dispute in this case is between the seller and his own insurer, section 321.45(2) controls the title issue. When none of the exceptions apply, section 321.45(2) provides:

> [N]o court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter.

The issue in this case is whether an assignment of title without compliance with the inspection requirement of section 321.238 is an assignment in accordance with the provisions of chapter 321. We agree with the trial court that it is not.

▉▉ Section 321.238(18) prohibits a person from selling or transferring a motor vehicle until a valid official certificate of inspection is affixed to the vehicle. A seller who assigns his title without complying with this provision is plainly not following the provisions of chapter 321. One purpose of section 321.238 is to make sure the vehicle meets safety standards before a buyer takes it onto the highway. *Sullivan*, 270 N.W.2d at 816. Just as under the owner's liability provision, we believe it would stultify the safety objective of the statute if a transferor could divest himself of title un-

der section 321.45(2) without complying with that section. We hold that section 321.238 is one of the provisions of chapter 321 which must be satisfied before a valid transfer or assignment of title can occur under 321.45(2).

Because section 321.238 was not complied with, the assignment was ineffective to transfer title in the present case. We need not decide whether any other provision of chapter 321 was violated. The trial court was correct in holding that the 1972 Ford LTD was an owned automobile under Keith's policy.

AFFIRMED.