**Phillip L. GRIFFITH, Appellant,**

v.

**FARM AND CITY INSURANCE COMPANY, Appellee.**

**No. 67203.**

Supreme Court of Iowa.

Sept. 29, 1982.

**328**

Thomas J. Reilly and William J. Conroy, Jr., of Thomas J. Reilly Law Firm, P. C., Des Moines, for appellant.

Paul Horvath, of Davis, Grace, Horvath, Gonnerman & Rouwenhorst, P. C., Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

Plaintiff Phillip L. Griffith appeals from judgment entered in this court-tried law case for defendant Farm and City Insurance Company (FCI) which denied him coverage under the uninsured automobile clause of an automobile liability insurance policy he maintained with defendant. Griffith had sustained personal injuries and property damage in a motor vehicle accident and sought payment from FCI to cover his losses. The dispositive issue on appeal is whether trial court erred in placing the burden of persuasion on plaintiff to prove that neither the operator nor the owner of the vehicle which injured him maintained automobile liability insurance

covering his losses. We find no trial court error in this regard and affirm the judgment.

This case began on August 18, 1976, with the purchase of a 1970 Plymouth automobile by John Guess from Eddy's Used Cars (Eddy's) in Des Moines. Guess purchased the car under an oral installment sales contract, depositing one hundred dollars as a down payment. He took possession of the vehicle but there was no transfer of the certificate of title and no inspection of the vehicle at that time. See Iowa Code §§ 321.45(2); 321.238(18) (1981).

On August 21, 1976, Guess drove the Plymouth into the rear end of a 1973 Cadillac owned and operated by plaintiff. Griffith's vehicle was damaged and he sustained physical injuries.

Guess made the final installment payment on the Plymouth on September 8 and the certificate of title was transferred to him on September 17.

Plaintiff filed the petition in the present action on January 21, 1977. He sought $10,000 in damages from FCI on the theory that Guess was an "uninsured motorist," pursuant to an automobile liability insurance contract in effect between FCI and plaintiff, and that FCI therefore owed him the amount of coverage under that clause.

Plaintiff also brought a second action against Guess on June 27, 1977, seeking recovery for losses stemming from the accident on a negligence theory. A judgment for $10,000 was entered in favor of Griffith against Guess on January 28, 1978. Guess has not satisfied this judgment.

The action against FCI culminated in trial court's findings, conclusions and judgment on June 15, 1981. The court found that Guess was not insured at the time of the accident but that plaintiff had "failed to prove by a preponderance of the evidence the material and necessary allegations of his Petition." The court concluded that: Griffith had failed to carry his burden to prove the Plymouth had been inspected prior to the collision; absent such proof no bona fide transfer to Guess could have been

accomplished; because the title to the Plymouth could not be transferred to Guess it remained in some other party, presumably Eddy's Cars; and that Griffith failed to carry the burden of proof that the Plymouth was uninsured at the time of the accident. The court also found there was no showing that Eddy's did not have insurance on the Plymouth car. Trial court dismissed plaintiff's petition and he appeals.

The resolution of the dispositive issue in this case revolves around the language of the automobile liability insurance policy in effect between Griffith and FCI.[1] In the policy FCI:

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

\* \* \* \* \* \*

Coverage L—Uninsured Motorists Protection Coverage (Bodily Injury Liability). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured automobile* because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such *uninsured automobile;* provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured

or such representative and the company or, if they fail to agree, by arbitration. (Emphasis supplied.) The policy defined "uninsured automobile" as:

(1) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile;

(2) a hit-and-run automobile as defined; or

(3) it is agreed that the term "uninsured automobile" includes an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent within one year after such an accident.

The language of the policy complied with the requirement of Iowa Code § 516A.1 that an insurer offer "uninsured motor vehicle" coverage.

Trial court essentially placed the burden of persuasion upon plaintiff to prove that the Plymouth was an uninsured automobile. To satisfy this burden, plaintiff basically had to prove that neither the owner nor the operator of the vehicle had liability insurance. We find no error in trial court's allocation of the burden of proof.

■ It is generally recognized that in order for an insured to recover under uninsured motorist coverage, the insured bears the burden of proving the uninsured status of the other motorist or vehicle. *See e.g., Home Insurance Co. v. Harwell,* 263 Ark. 884, 885, 568 S.W.2d 17, 18 (1978); *Hartford Accident & Indemnity Co. v. Studebaker,*

1. Although we agree with plaintiff's contention on appeal that Chapter 516A, "Protection Against Uninsured or Hit-and-Run Motorists," is remedial in nature and therefore should be interpreted liberally to effectuate its purposes, *see Rodman v. State Farm Mutual Automobile Insurance Co.,* 208 N.W.2d 903, 909–10 (Iowa 1973); *Finney v. Farmers Insurance Co.,* 92 Wash.2d 748, 751, 600 P.2d 1272, 1275 (1979); Annot., 26 A.L.R.3d 883, 888 (1969), the liberal construction relates to the scope of the legislation and not to the proof or evidence necessary

to establish compliance with the terms or conditions of the insurance contract. *Cf. Maddy v. Jones,* 230 Md. 172, 179–80, 186 A.2d 482, 484– 85, (1963) (legislation establishing unsatisfied claim and judgment fund is to be construed liberally to effectuate its beneficial purpose but not in a manner that substitutes for the proof required to become eligible to recover from the fund); *Downing v. Stewart,* 85 N.J.Super 62, 66, 203 A.2d 724, 726 (1964) (same in regard to New Jersey fund); D. Blashfield, *Automobile Law and Practice,* § 274.3 at 50 (3d ed. 1966).

139 Ga.App. 386, 387, 228 S.E.2d 322, 324 (1976); *Crenshaw v. Great Central Insurance Co.,* 527 S.W.2d 1, 4 (Mo.App.1975); *State Farm Mutual Automobile Insurance Co. v. Stewart,* 288 So.2d 723, 724–25 (Miss. 1974); *Rice v. Aetna Casualty and Surety Co.,* 267 N.C. 421, 422, 148 S.E.2d 223, 224 (1966); *State Farm Mutual Automobile Insurance Co. v. Matlock,* 462 S.W.2d 277, 278 (Tex.1970); *Annot.* 26 A.L.R.3d 883, 892 (1969); *but cf. Enis v. Specialty Auto Sales,* 83 Cal.App.3d 928, 938, 148 Cal.Rptr. 255, 258–61 (1978) (compliance with requirement to notify state upon sale of vehicle found to be affirmative defense to basic rule of owner liability; thus, burden of proof of compliance on defendant).

■ In the present case, plaintiff carried the burden of proving the operator of the vehicle, Guess, did not have automobile liability insurance. However, Griffith failed to prove that the owner of the Plymouth did not maintain liability insurance on the vehicle, and thus failed to prove that the Plymouth was an "uninsured automobile" under his policy with FCI.

■ Generally, an automobile dealer who sells a motor vehicle under a conditional or installment sales agreement is not an owner for purposes of Iowa Code § 321.493.[2] *Hartman v. Norman,* 253 Iowa 694, 704, 112 N.W.2d 374, 378 (1962). However, in the present case, Eddy's was the owner of the Plymouth for liability purposes on the date of the accident by virtue of our decision in *Sullivan v. Skeie Pontiac, Inc.,* 270 N.W.2d 814 (Iowa 1978). *See also Farm & City Insurance Co. v. U. S. Fidelity and Guaranty Co.,* 323 N.W.2d 259, 261 (Iowa 1982);

*Iowa Kemper Insurance v. Cunningham,* 305 N.W.2d 467 (Iowa 1981). Under *Sullivan,* Eddy's retained ownership responsibility under Iowa Code § 321.493 on the date of the accident, August 21, 1976, due to its failure to obtain a motor vehicle inspection certificate pursuant to § 321.238 for the Plymouth it had sold and delivered to Guess prior to August 21.[3] *Id.* at 817.

At the time of the accident, the owner and the operator were different entities. Thus, in order for plaintiff to recover for damages caused by an "uninsured automobile" under his uninsured motorist coverage, he had to prove that neither the owner nor the operator maintained automobile liability insurance on the Plymouth. *Stordahl v. Government Employees Insurance Co.,* 564 P.2d 63, 67 (Alaska 1977); *General Accident Fire and Life Assurance Co. v. Means,* 362 So.2d 135, 137–38 (Fla.App.1978); *Castaneda v. State Farm Mutual Automobile Insurance Co.,* 348 So.2d 1231, 1233 (Fla.App. 1977); *Gordon v. Phoenix Insurance Co.,* 242 So.2d 485, 488–90 (Fla.App.1970); *Motorists Mutual Insurance Co. v. Tomanski,* 27 Ohio St.2d 222, 226, 271 N.E.2d 924, 926 (1971); *Fielder v. Amica Mutual Insurance Co.,* 378 A.2d 1386, 1387 (R.I.1977); 7 Am. Jur.2d *Automobile Insurance* § 318 at 985 (1980); *see State Farm Mutual Automobile Insurance Co. v. Johnson,* 458 S.W.2d 473, 473–74 (Tex.1970) (owner/operator did not maintain liability insurance; employer carried liability policy covering non-owned automobiles driven by employees in course of employment; no uninsured automobile and no recovery under uninsured motorist coverage); *United States Fidelity & Guaranty Co. v. Byrum,* 206 Va. 815, 817–18, 146

---

**2.** Section 321.493 provides:

   In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

   A person who has made a bona fide sale or transfer of his right, title, or interest in or to a motor vehicle and who has delivered possession of such motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of such motor vehicle by another, but the purchaser or transferee to whom possession was delivered shall be deemed the owner. The provisions of subsection 2 of section 321.45 shall not apply in determining, for the purposes of fixing liability hereunder, whether such sale or transfer was made.

**3.** Trial court properly placed the burden of proof on the issue of a valid § 321.238 inspection upon plaintiff. We conclude that on the basis of this record there is substantial evidence to support the trial court's finding that the vehicle had not passed the required inspection.

S.E.2d 246, 247–48 (1966) (neither owner nor operator maintained liability insurance; employer insured against liability arising out of employee's negligent acts during the course of employment; motor vehicle was insured, not "uninsured").

Plaintiff's failure to prove that neither the owner nor the operator of the Plymouth carried automobile liability insurance on the vehicle precludes his recovery from FCI under the uninsured automobile coverage of this insurance contract. Trial court made no error in assessing the burden of proof in this case or in its finding that plaintiff failed to prove the essential elements of his cause of action.

We have considered all of the contentions of Griffith, whether or not expressly discussed in this opinion, and find them without merit. Therefore, we affirm the judgment dismissing plaintiff's petition.

AFFIRMED.