Elizabeth MORGAN

v.

Rita LUCASKI, d/b/a The
Village Cleansers

v.

Louis SKLAROFF, d/b/a Ocean State
Suede & Leather Cleaning Co., Inc.

No. 89–613–M.P.

Supreme Court of Rhode Island.

Oct. 31, 1990.

Peter Olsen, Wickford, for plaintiff.

Patrick L. McKinney, Wakefield, for defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court on October 16, 1990, pursuant to an order that had directed the defendant Rita Lucaski (Lucaski) to appear and show cause why her appeal should not be denied and dismissed.

The defendant raises several issues relating to the judgment that held her liable for the loss of a fur coat placed in her establishment for cleaning and storage. It appears undisputed that defendant gave custody of the coat to one Louis Sklaroff d/b/a Ocean State Suede & Leather Cleaning Co., Inc. (Sklaroff). While in his custody, the coat was stolen from a truck parked in the Sklaroff driveway. The trial justice found that Sklaroff was negligent and that his negligence was imputed to his principal, defendant Lucaski. The trial justice entered judgment in favor of Elizabeth Morgan (plaintiff) in the sum of $3,300, together with interest and costs. The defendant Lucaski had filed a third-party complaint against Sklaroff. The trial justice entered judgment in favor of Lucaski against Sklaroff in the sum of $1,650 plus interest and costs. He apparently regarded Lucaski and Sklaroff as joint tort-feasors.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice did not err in his findings of fact and conclusions of law in relation to the principal claim of plaintiff against Lucaski. As bailee she was responsible for the negligence of her agent. From the facts of the case negligence could appropriately be inferred. The evidence in the case supported the valuation placed on the coat by the trial justice.

However, we are of the opinion that the trial justice erred in his determination that defendant Lucaski was only enti-

tled to one-half the amount of recovery from third-party defendant Sklaroff. Lucaski was only liable to plaintiff because of Sklaroff's negligence under the doctrine of respondeat superior. Rhode Island has long recognized the doctrine that an agent or an employee is liable to his principal or to his employer for acts of negligence causing damage to such principal or employer, whether such damage is direct or brought about by compensation the latter has been obligated to make to some third person for injuries sustained arising from such negligent acts. *See Darman v. Zilch*, 56 R.I. 413, 186 A. 21, 110 A.L.R. 826 (1936).

Sklaroff has notified this court that he wishes to take no part in this appeal, but he was given notice that the defendant Lucaski has sought full recovery against him.

For the reasons stated, the judgment in favor of the plaintiff is hereby affirmed and the appeal therefrom is denied and dismissed. However, the appeal from the judgment against the third-party defendant is sustained, and the case is remanded to the Superior Court with directions to modify the judgment in favor of the third-party plaintiff to reflect the full amount of damages that the third-party plaintiff was required to pay, namely, $3,300 together with interest and costs. The papers in the case may be remanded to the Superior Court.

KELLEHER and SHEA, JJ., did not participate.